## MORTON vs. CHANDLER.

Parol evidence is inadmissible to show a mistake in the computation of the amount for which a recognizance of debt was taken, under the statute ; so as to enable the conusor, after having paid the money, to recover back the excess.

IN this action, which was case for money had and received, a new trial having been granted, [see 6 *Greenl.* 142.] the plaintiff sought to recover against the defendant the amount of a mistake committed in computing the sum due from him to the defendant, for which he had given a recognizance, pursuant to the statute ; which had been satisfied by an extent on his land.

*Weston J.* before whom the cause was tried, admitted parol testimony to prove that the recognizance was accidentally taken for more than was due from the conusor ; and the jury, being satisfied of the fact, returned a verdict for the plaintiff; which was taken subject to the opinion of the court upon the admissibility of the testimony.

*R. Williams* and *A. Belcher*, for the defendant, cited *Hunt v. Adams*, 7 *Mass.* 518 ; *Townsend v. Weld*, 8 *Mass.* 146 ; *Stackpole v. Arnold*, 11 *Mass.* 27 ; *Emery v. Chase*, 5 *Greenl.* 232 ; *Albee v. Ward*, 8 *Mass.* 79 ; 2 *Stark. Ev.* 30 ; 1 *Phil. Ev.* 458 ; *Shelly v. Wright*, *Willes* 9 ; *Peake's Ev.* 32 ; *Newland v. Douglas*, 2 *Johns.* 63 ; *Legg v. Legg*, 8 *Mass.* 99. 9 *Johns.* 38.

*Allen*, for the plaintiff, argued that not to allow a mistake like this to be corrected in this mode, would be giving such instruments greater force than judgments at law. For if the excess in a recognizance cannot be recovered in *assumpsit*, it cannot be recovered at all ; and the error is thereby perpetuated ; which is contrary to the principles of the law. If, after the mistake has been pointed out to the creditor, he refuses to correct it, the refusal is evidence of fraud ; which may be shown by parol, in any transaction, whatever may be its solemnity. 3 *Stark. Ev.* 995, 1017, 1019, 1020, 1045, 1054. *Barndaller v. Tate*, 1 *Serg. & Rawle* 160 ; *Fleming v. Gilbert*, 3 *Johns. Ca.* 528 ; *McMeans v. Owen*, 1 *Yeates*, 135 ; *Lyman v.*

Morton v. Chandler.

*U. States Ins. Co.*, 2 *Johns.* 630 ; *Lazell v. Miller*, 15 *Mass.* 207 ; 4 *Pick.* 228 ; *Chandler v. Morton*, 5 *Greenl.* 379 ; *Rex. v. Scammonden*, 3 *D. & E.* 470 ; *Wilkinson v. Scott*, 17 *Mass.* 249 ; *Gillespie v. Moore*, 2 *Johns.* 585 ; 2 *Stark. Ev.* 894 ; *Bull. N. P.* 149 ; 2 *Burr.* 1099.

PARRIS J. delivered the opinion of the Court in *Cumberland*, at the adjournment of *May* term, in *August* following.

That money paid by mistake can be recovered back in this form of action, is a general doctrine, too well established now to require the citing of authorities to support it. This general principle is however subject to limitations; as where money is paid by mistake to an agent, who has paid it over. The agent is not liable to an action by the person who mispaid it, because it is not just that one should be a loser by the mistake of another. So if money has been paid upon a *forged* bill of exchange to a *bona fide* holder, who had given value for it; the money cannot be recovered back from him, and this exception is founded upon the policy of the law in relation to negotiable paper. Again, where money has been recovered by the judgment of a court having competent jurisdiction, the matter can never be re-examined in this form of action; for until the judgment is reversed or annulled, it is conclusive as to the subject matter of it. Money paid under the compulsion of legal process cannot, therefore, be recovered back, though it be afterwards discovered not to have been due. So long as the judgment remains in force, it is sufficient to protect the amount in the hands of the judgment creditor ;—and the only mode of obtaining relief, where money has been thus unconscionably obtained through the forms and judgment of law, is to procure a reversal of such judgment, and thereby dissolve the authority by which it is unjustly withheld.

Was not this money paid under the compulsion of legal process? It was paid upon an execution, legally issued, upon what may, not improperly, be considered a judgment entered by consent ;—for wherein are the proceedings under the act, by virtue of which the magistrate takes a recognizance, of a less solemn or formal nature, than in a civil suit wherein he enters a default ;—or how can the

rights of the conusor be more insecure than those of the defendant? In the one case, the magistrate can never act unless the debtor be present, and by an instrument of the highest character known in law, acknowledge his indebtedness;—then, and not till then, the transaction becomes matter of record, partaking of many, if not all of the qualities of a judgment.

In the progress of a civil suit, a judgment may be entered upon default, and the rights of the defendant be entirely concluded, so long as the judgment remains unreversed, when in fact he may be wholly ignorant of the pendency of the suit. It may be difficult to perceive any good reason why the record of a confession regularly made under the provisions of our statute, should not be considered of as high a character as a record of a judgment at common law. It is made the basis upon which the magistrate is to issue an execution in the same manner as upon a judgment. The proper officers of the county are required to execute it, and declared liable for any malfeasance or misfeasance of which they may be guilty in relation to it;—and the statute provides that the conusee may have his action of debt on the same, in the same manner as a judgment creditor is entitled to have his action on any judgment of any court of record;—thus treating it throughout like a judgment, and giving it the same legal validity and effect.—If this view of the case be correct, and the money now sought to be reclaimed, by the plaintiff, was paid by him under legal process, then according to settled law this action cannot be maintained.

But there is another view which may be taken of this case, and upon which we ground its decision. The confession, upon which the money was paid, was a sealed instrument. Now the plaintiff, in order to maintain the present action, attempts to prove by parol evidence that, by mistake, the sum secured by this instrument was too large. Can he do this? It is a well known rule of law that parol evidence is not admissible to vary the meaning of a deed, or to explain that which is apparent upon the face of it. A recognizance is a deed, and something more. It is a contract of the most solemn nature, and the execution which issues upon it, as to the power which

Morton *v.* Chandler.

it confers and the duty which it imposes, is of the same nature as an execution which issues from the highest court of record.

It is very clear that in an action of debt on the recognizance, as provided for by the statute, the conusor would not be permitted to introduce parol evidence to shew a mistake, and thus vary the effect of the sealed instrument.—Can he accomplish, indirectly, what he could not do directly ? Can he in this action shew what he would have been estopped to deny in an action on the deed ? Such a practice would be encouraging, instead of discountenancing, circuity of action, and could not be sanctioned. It would be defeating the manifest object of the statute, which is declared, by its title, to be for providing a speedy method of recovering debts, and for preventing unnecessary costs attending the same. If such could be the practice, no man would resort to what was intended by the legislature as a relief from litigation. The plaintiff might undoubtedly prove fraud by parol, and thereby the legal effect of the instrument would be avoided.—Fraud, whenever it exists, may be always proved by parol, and when proved, so pollutes every thing with which it is combined, as to render the whole completely nugatory.

It was contended for the plaintiff, in the argument, that inasmuch as the recognizance had been paid, it had spent its force, and that its origin is now open to inquiry. So it might be contended that the force and power of a judgment were exhausted, upon satisfaction and discharge ; but it would hardly be contended that a judgment debtor could, after satisfying the judgment, turn round and reclaim the amount paid, by controverting the foundation upon which such judgment was predicated. Under such a course of practice, what cause of action would ever be at rest ?—After a recovery by due process of law there must be an end of litigation.

Upon an attentive examination, we are all satisfied that the testimony introduced to shew a mistake in the confession was incompetent, and that the verdict must be set aside and a new trial granted.