THE GEORGIA MASONIC MUTUAL LIFE INSURANCE COMPANY, plaintiff in error, *vs.* MARY M. GIBSON *et al.*, defendants in error.

1. An amendment to the by-laws of an insurance company, merely for the purpose of regulating its mode of business, and adding no new condition to the policies already issued, is binding on the assured.
2. An immaterial error is no ground of new trial.
3. Where a member of a mutual insurance company fails to meet the assessments made upon him, but subsequently transmits to the secretary thereof an amount of money in payment of all dues then demanded of him, which sum the company retained until after his death without notifying him whether it was satisfactory or not, such action was a waiver of the default, and restored him to membership.
4. Writings tendered for the purpose of proving handwriting by comparison, are inadmissible unless submitted to the opposite party before he announces himself ready for trial.
5. Where the contract in issue or on trial, was made between a corporation and a natural person, and the latter died, the officer or agent entering into the same in behalf of the corporation is an incompetent witness ; but the other members of the corporation are competent.

Corporations. Insurance. New trial. Waiver. Evidence. Witness. Before C. B. WOOTEN, Esq., Judge *pro hac vice*. Bibb Superior Court. October Adjourned Term, 1873.

For the facts of this case, see the decision.

SAMUEL D. IRVIN, by R. H. CLARK, for plaintiff in error.

R. W. & S. H. JEMISON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant to recover the amount of insurance alleged to be due them. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiffs for the sum of $1,098 00 as principal, and the sum of $259 00 for interest. The defendant made a motion for a new trial on the several grounds set forth therein, which was overruled by the

court, and the defendant excepted. It appears from the evidence in the record that the defendant, on the 15th of October, 1868, issued the following certificate, signed by its president, to-wit: "This is to certify that J. B. Gibson, a master mason, and a member of Solomon Lodge, number twenty, Florida, has paid the sum of $6 00, and is hereby constituted a member of the Georgia Masonic Mutual Life Insurance Company, and is entitled to all the benefits of said association upon his paying $1 10 within ten days after receiving notice of the death of any member thereof." Gibson died in the state of Virginia on the 15th of July, 1870, intestate, leaving his four sisters as his heirs-at-law surviving him, who are the plaintiffs in this suit. The defendant resists the plaintiffs' recovery on the ground that said Gibson, at the time of his death, was a defaulter to said company in not paying the assessments required of him by the charter and by-laws of said company, and was not, at the time of his death, a member of said company, and had forfeited all claims upon it. The main controlling question as to the merits of the case, was whether Gibson had been reinstated as a member of the company so as to charge it with the payment of the insurance money claimed by the plaintiffs.

1. The court charged the jury, "that the by-laws of the company, at the time Gibson became a member, constituted the law of the contract between the members of that company, and that the by-laws, as amended March 5th, 1869, did not bind him or those claiming through him, unless the company could show that he (Gibson) assented to such amendment or alteration." This charge of the court, in view of the facts contained in the record, was error. The amended by-laws did not annex any new condition to the policy of Gibson after the same was issued to him. The amended by-laws only regulated the proceedings of the company, and provided, amongst other things, that upon the death of a member of the company it shall be the duty of the secretary to notify the members of his class of the same, and thereupon each surviving member of the class to which the deceased belonged shall,

without delay, within ten days after receiving such notice, pay to the company $1 10, and in case he neglects to pay the same, he shall be notified, and his name erased from the roll of members, and he shall forfeit all claims upon the company: *Provided, however*, that the board of directors shall have power to reinstate such delinquent, upon his paying up all arrearages and rendering a good excuse for his default. A notice directed to a member's post office or residence, as appearing upon the books of the secretary, shall be deemed a legal notice. The rules and regulations of the company, adopted in pursuance of the charter, become a part of each policy, and all the assured are presumed to have notice thereof. But new conditions cannot be annexed to the policy after it is issued, except by the consent of the assured: Code, 2837. In our judgment, the amended by-laws did not invade, impair or annex any condition to the policy, which was the contract between the parties at the time it was made.

2. Although this charge of the court was error, still it did not hurt the defendant, because there was no evidence that it had ever given the notice to Gibson as required by the by-laws of the company.

3. It appears from the evidence in the record that Gibson, in the spring of 1870, transmitted to the secretary of the company the sum of $35 25 in payment of all dues then demanded of him by the company; that in the month of July thereafter Gibson died; the company retained the money in its possession until after his death, without notifying him whether it was satisfactory or not. The court, in substance, charged the jury, that if they believed from the evidence that after the forfeiture by Gibson, by non-payment of assessments, the company received and retained the amount of the unpaid assessments, then this was a waiver of the default, and for the purposes of this contract, it restored him to membership. We find no error in this charge of the court, in view of the evidence in the record. If the amount of money, admitted to have been received by the company, was not sufficient to pay his past dues and entitle him to membership, it was the clear

The Georgia Masonic, etc., Company *vs.* Gibson *et al.*

duty of the company to have promptly notified him, and not to have retained the money and remained silent until after his death, and then refuse payment by alleging he was not a member of the company.

4. We find no error in the ruling of the court as to the rejection of the evidence offered by the defendant as to proof of handwriting by comparison, inasmuch as the defendant did not comply with the requirement of the 3840th section of the Code in submitting the same to the opposite party, nor did the court err in rejecting the other written evidence offered by the defendant at the trial.

5. It appears from the record, that on the trial, Obear, the president of the company, Burke, the secretary and treasurer, thereof, and Robson, all being members of the company, were offered as witnesses to testify in favor of the defendant. The court ruled that they were incompetent witnesses to testify in the case, inasmuch as Gibson, the other party to the contract, was dead. The 3854th section of the Code declares that where one of the original parties to the contract, or cause of action in issue or on trial, is dead, the other party shall not be admitted to testify in his own favor. In this case, the corporation is the party with which the contract was made on the one side and Gibson the insured, on the other, and the question is, whether the members of the corporation are competent witnesses to testify in the case, Gibson being dead? This is the first time this precise question has been presented to this court for decision, and we have given to it that consideration which its practical importance demands. In view of the true intent and spirit of the statute, we hold and decide, that inasmuch as a corporation can only make contracts by its authorized officers and agents, that when a contract is made by such officer or agent, for and in behalf of the corporation, with a natural person, and such person is dead, the officer or agent of the corporation so making the contract, is an incompetent witness to testify in relation to that contract when the other party thereto is dead, not on the ground of interest, but on the ground that where one of the parties who made

the contract is dead, the other party who made it with him, although in behalf of a corporation, shall not be admitted to testify in relation to that contract in favor of the corporation. But this rule is to be confined exclusively to the officer or agent of the corporation who actually makes the contract, and not to the other members of the corporation who did not actually make the contract. The principle embodied in the statute, and such is evidently its declared policy, that when a contract has been made between two living persons, although such contract may have been made in behalf of a corporation, if one of the parties who actually made that contract is dead, the other party is an incompetent witness to testify in relation to it. The other members of the corporation, who did not actually make the contract, are not within the principle which excludes the party from testifying who actually did make the contract. All that can be urged against their testimony would be that they are interested, but interest does not exclude them from testifying, under the statute. The contract of insurance, as disclosed in the record, was made with Obear, the president of the company; he was, therefore, an incompetent witness, Gibson, the other party to the contract being dead, but Burke and Robson were competent witnesses, under the statute, and the court erred in excluding them, and upon that ground alone, we order a new trial in this case.

Let the judgment of the court below be reversed.