BRIGGS *v.* HUTSON ET AL.

(Decided December 20, 1927.)

*Messrs. Williams, Sinks, Gearheart & Williams, Messrs. Gregg & Patton,* and *Mr. Horace Kerr,* for plaintiff Briggs and defendant Allen.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. John*

*P. Phillips,* and *Mr. John Logan,* for defendant Hutson.

*Messrs. Bush & Clyburn,* for defendants Fayette County Bank, Washington Savings Bank and Larrimer.

*Mr. F. G. Carpenter,* for defendant People's Bank of Bloomingburg.

*Mr. W. S. Paxson,* for defendant Stewart.

*Messrs Maddox & Maddox,* for defendant Waples.

By THE COURT. This case is one in chancery and is here on appeal from the court of common pleas of Fayette county, in which court the plaintiff, Os Briggs, brought a civil action seeking to subject the property of one of the defendants, Rufus W. Hutson, to the payment of several judgments entered upon cognovit notes, praying that the several defendants set up the liens which the record shows they may have upon said property, that the court determine their priorities, and that the property be ordered sold to satisfy the same.

In the answer filed by said Rufus W. Hutson, he alleged that the said cognovit notes, upon which the judgments were based, were not signed by him; that his name which appears on said notes was forged; that there were irregularities in the obtaining of said judgments and that same are absolutely void.

To this answer Os Briggs filed a reply, in which he alleged that the several defenses set forth by Rufus W. Hutson were put in issue in a certain civil action between the same parties in the Court of Appeals of Fayette county, and were fully heard, and that the issues thus made resulted in a judgment in his favor.

To this plea of former judgment, Rufus W. Hutson claims that said judgment obtained in the Court of Appeals was secured by fraud practiced by said Os Briggs, in that he and his attorneys and agents entered into a conspiracy with certain persons who were witnesses in that case to give perjured testimony upon matters material to said trial, and that they did give such perjured testimony. He also alleges in his said answer that the several issues and causes of action litigated and decided in said Court of Appeals were not the same as set up in the instant case, and denies that they have been adjudicated.

Substantially the same issues are raised by the pleadings with reference to the cognovit judgment entered upon the note of Malissa Allen.

The consideration of the several pleadings in this case between the several parties has required a great deal of time and patience on our part in order to separate the several issues and to find the relevant evidence in the great mass of testimony which has been submitted to us for our consideration, and we find from such examination and the view we take of the evidence and the law that so far as the judgments of Os Briggs and Malissa Allen are concerned the claims as to the perjured testimony are immaterial and do not in any way affect the legal effect to be given to the several judgments entered in their favor.

From the evidence we find that Homer Hutson, for a good and valuable consideration, gave to Os Briggs and Malissa Allen his several notes, containing powers of attorney to confess judgment against the makers thereof, to which notes, without au-

thority, he signed the name of his father, Rufus W. Hutson, as one of the makers thereof. After these several notes became due, Os Briggs and Malissa Allen took the several judgments in the court of common pleas on said notes, as stated in their pleadings, and so far as the records of said judgments are concerned they show that said judgments were rendered against the makers of said notes by virtue of said forged powers of attorney.

Later, the suits in equity hereinbefore referred to were brought by Rufus W. Hutson to enjoin Os Briggs and Malissa Allen et al. from enforcing the collection of the judgments rendered against him, on the ground that the powers of attorney attached to said notes were forgeries, and that, therefore, the court of common pleas which rendered said judgments did not acquire jurisdiction over the person of said Rufus W. Hutson and the said several judgments were consequently void.

After the decision in the court of common pleas was given, the cases were taken on appeal to the Court of Appeals of said county, and that court found that Rufus W. Hutson had authorized his said son, Homer, to sign his name to said several notes and powers of attorney, and that the judgments rendered upon said notes were valid and binding upon said Rufus W. Hutson.

Thereafter, Os Briggs brought the instant case against the said Rufus W. Hutson, and others, in the court of common pleas of said county, which has been appealed to this court, as hereinbefore stated, and has been submitted to this court upon the evidence hereinbefore referred to.

It is claimed that there were certain irregularities

in the procedure in the cases in which said cognovit judgments were entered; but we are of the opinion that the irregularities would not invalidate the judgments if the notes and powers of attorney were genuine or authorized.

Upon the evidence we have no hesitancy in finding that perjured testimony, which, however, was merely cumulative, was offered in said other case in the Court of Appeals, and that such testimony related to a fact which the Court of Appeals found to be material, to wit, that Rufus W. Hutson had authorized his son Homer to sign his name to said notes and powers of attorney. But from the evidence before us we find that said original judgments in favor of Os Briggs and Malissa Allen were valid and binding upon Rufus W. Hutson, regardless of the question whether or not he authorized his name to be signed to said notes, and regardless of the question whether or not perjured testimony was introduced at said trial in the Court of Appeals.

The record discloses that said Briggs and Allen notes were shown to Rufus Hutson, and that he employed an attorney, to whom he made known that his signature on each of said notes had been forged by his son, and that after consultation with said attorney and members of his family, and after due deliberation, he authorized his attorney to make a proposition to Briggs and Allen and their attorney, which proposition was so made by Rufus Hutson's attorney in his presence to Os Briggs and his attorney, which proposition was that Briggs and Allen should take judgment upon said notes, the same as if the signatures of Rufus Hutson thereon were genuine, and permit Rufus Hutson to be certified

in said judgments as surety, and delay execution and collection of said judgments for one year, so as to extend the time of payment to Homer and Rufus Hutson and prevent the forced sale of their property and permit them, if possible, to save some of their property. It was the further understanding and agreement that said Rufus Hutson should be secured as such surety by a chattel mortgage given by Homer to Rufus upon the personal property then owned by Homer, which mortgage was given and filed—all in accordance with said agreement.

The record further discloses that at said time Briggs and Allen agreed to the proposition made by Rufus Hutson, by his attorney, and in his presence, and that Rufus Hutson then and there authorized his attorney to appear in court and consent to said judgments being taken and to see that said agreement was fully carried out; that, thereafter, in pursuance of said agreement, said attorney for Rufus Hutson, in accordance with the authority given to him by Rufus Hutson, appeared in open court and consented to the judgments being entered in form upon said powers of attorney; that the judge who entered said judgments knew the foregoing facts and circumstances, having learned the same from Rufus Hutson, who had been a former client of the trial judge and a neighbor and acquaintance; and that all of said matters were done and performed without any fraud, threats, or duress of any kind, and were entirely voluntary upon the part of Rufus Hutson.

Under the statute, Rufus Hutson could have appeared personally in court and consented to said judgments being taken, without any pleadings being

filed, or he could have authorized his attorney at law, representing him, to enter his appearance upon the filing of petitions, and to consent to judgments being taken. That, the evidence shows, he did do, as the judgments taken were strictly in accordance with the agreement which Rufus Hutson made, and the other parties to that agreement carried out said agreement exactly in accordance with the terms thereof, and said agreement was made upon a sufficient and valid consideration. The fact that the records of said judgments do not state that they were so consented to, but do set forth that they were rendered upon authority and by virtue of said powers of attorney, is not fatal to the validity of said judgments. The evidence shows conclusively that they were consent judgments, and, while said forged and void powers of attorney could not be ratified in a strict sense, there is no good reason why, with full knowledge of all the facts, they could not, by agreement and for a valuable consideration, be adopted and used as the means by which said consent judgments should be entered, the said Rufus Hutson being present by his authorized attorney in open court at the time, and consenting thereto.

There can be no ratification of a forgery, because the signing of the name is void *ab initio,* and the fact that the signing is a forgery precludes the idea of agency, upon which ratification is based.

But the one whose name is forged may, for a valuable consideration, adopt the obligations of the forged instrument and agree to be bound thereby, or he may become bound by his failure to speak when he ought to have spoken, or he may, by his speech or his acts and conduct, so mislead another as to be bound by the forgery.

As to the Stewart and Larrimer judgments, the Court of Appeals found them to be valid and binding, and we find that judgment of the Court of Appeals to be conclusive upon the parties in this case. While we find that perjured testimony was given in the trial of said case, we do not find that Stewart, or Larrimer, or their attorneys had anything to do with or knew anything about the fraud that was practiced in the obtaining of said judgments, and that said fraud did not consist of extrinsic acts outside of and collateral to the matter actually tried in that case, but did relate to the very matter on which the decree was rendered, and therefore that matter cannot be relitigated in this suit.

Mere perjury or false swearing alone is not ground for equitable relief, since it is regarded as an intrinsic and not an extrinsic fraud. *United States* v. *Throckmorton,* 98 U. S., 61, 25 L. Ed., 93; *Michael* v. *American Nat. Bank,* 84 Ohio St., 370, 95 N. E., 370, 38 L. R. A. (N. S.), 220.

This disposes of all of the judgments involved in this case which were passed upon by the former judgment of the Court of Appeals. That leaves for consideration the Fayette County Bank judgment and the Washington Savings Bank judgment and others.

As to the Fayette County Bank judgment, we find from the evidence that the note of Homer Hutson, upon which the judgment was taken, was a renewal of a former note given by him to said bank, without the father's signature thereon. When the former note became due and Homer sought to renew the same, an official of the bank told him they wanted additional signers thereon, and he then told

the bank official that in consideration of renewal of said note for him he would procure the signature of his father thereon, if that would be satisfactory to him, and the official thereupon told him that it would be satisfactory.

Shortly thereafter he presented the renewal note with the alleged signature of his father thereon, which was received by the bank as genuine and the bank returned the old note to him. A short time after said note was accepted, Rufus W. Hutson went into the bank upon business of his own, and, because of some declarations he made in regard to his own indebtedness, one of the officers directed to his attention the fact that they had another note bearing his signature, and showed it to him, which note is the one in question—at which time he denied the genuineness of said signature, and after some conversation with said official told said official that he would go home and talk the matter over with his wife and return later and tell him his decision in regard to same. The next day he returned to said bank and attached his signature to said note, and said bank continued to carry said note until the expiration day thereof.

We find from all the evidence in the case that there was a sufficient consideration for Rufus W. Hutson's assumption of the payment of said debt, and that he cannot now deny the obligation which he so assumed.

The power of attorney to confess judgment which he signed, even if not supported by a consideration, was nevertheless binding until revoked, and he never attempted to revoke or question the power until long after it had been exercised. After judgment was

entered against him by virtue of such power, his personal property was levied upon and sold, and the evidence shows he made no objection thereto but appeared in court and asked that the proceeds of such sale be applied in payment of said judgment, rather than upon other judgments against him.

As to the claim of duress, also relied upon by Rufus W. Hutson to avoid the payment of said note, we find that he has not sustained the burden cast upon him to establish that the officials of said bank used any threats or other improper means to procure him to sign said note.

As to the Washington Savings Bank judgment, we find that the acts and conduct of Rufus W. Hutson, beginning before any judgments were taken, and extending to the time he first made any claim that said bank's note and judgment were not valid, are such as to estop him from making such claim.

As to the other cognovit judgments, we understood at the time of the argument of this case that if we reached the conclusions we have reached, hereinbefore indicated, in reference to the Briggs and other judgments, there would then not be sufficient property to make it necessary to pass upon the validity of the further judgments, and therefore we have not taken the time and effort to ascertain in detail the facts in reference to said other cognovit judgments; and, furthermore, in view of our finding that the notes involved in those cases did not bear the genuine or authorized signature of Rufus W. Hutson, we presume that in the absence of any question of estoppel it will be conceded that judgments rendered upon false and fraudulent powers of attorney are not valid and enforceable.

A decree may be drawn in accordance with the foregoing opinion.

*Decree accordingly.*

WASHBURN, P. J., FUNK and PARDEE, JJ., concur.
Judges of the Ninth Appellate District, sitting in place of Judges FERNEDING, KUNKLE and ALLREAD, of the Second Appellate District.