19512.   THOMAS *v.* THE STATE.

DECIDED MAY 14, 1929.

*Stephens & Kea, E. L. Stephens,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.

LUKE, J.   The first count in the indictment charges Miss Joanna Carter, John W. Thomas, R. H. Wrye, alias Henry Allen, and R. M. Holmes with forgery, in that they did "falsely and fraudulently make, sign, print, and were concerned in the false and fraud-

ulent making, signing, and printing, and did falsely witness, attest, and procure the same to be done, a certain warranty deed and writing purporting to be signed, sealed, and delivered by Okella R. Carter, in the presence of John W. Thomas, R. H. Wrye, and R. M. Holmes, J. P., to Miss Joanna Carter." The second count charges the same defendants with uttering and publishing as true alleged forged deed. The State elected to try John W. Thomas, and the jury found him guilty under count 1 of the indictment, and not guilty under count 2. The defendant moved for a new trial upon the general grounds and seven special grounds. Since all of the special grounds present but two questions for the consideration of this court, and since special ground 1 presents both questions, we shall discuss that only.

When the case was called by the attorney for the State at about eleven o'clock of the morning of the day it was set for trial, for the purpose of making a motion for a continuance counsel for the defendants immediately announced ready for trial. After State's counsel had argued his motion for a continuance "at length," the court refused to grant the continuance and announced the case ready for trial for the State, State's counsel refusing or declining to announce ready for trial." Again the defendants announced ready for trial. Then counsel for the State announced that he elected to put John W. Thomas on trial; and counsel for movant at once announced ready for trial. The noon hour having arrived, the court announced a recess until two o'clock. When the court was reconvened after dinner and the case called, "movant again immediately announced himself ready for trial." Then, and not till then, did counsel for the State offer to submit certain writings for the purpose of comparison of handwriting. These writings were admitted in evidence over the objection that they were not submitted to the movant before he announced himself ready for trial, and over the further objection that they were not proved or acknowledged to be genuine. Since it does not appear from the exception whether or not the genuineness of the writings offered in evidence was acknowledged or proved, we shall not consider the objection based upon that ground. Furthermore, it appears from the record that evidence to prove the genuineness of the writings was subsequently introduced. The controlling question in the case is whether or not the writings were submitted to the opposite

party in due time. Section 5836 of the Civil Code (1910) reads: "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial." In the case of *Ginn* v. *Ginn*, 142 *Ga.*, 420 (83 S. E. 118), where the issue was whether or not a will was a forgery, it was held: "Where on the trial of such an issue it was sought to prove or disprove the genuineness of the signature to the instrument by introducing in evidence other signatures of the alleged testator, proved or acknowledged to be genuine, for comparison with that attached to the alleged will, it was necessary, under the Civil Code (1910), § 5836, that such new papers, when intended to be introduced, should be submitted to the opposite party before he announced ready for trial." The same rule was applied in the case of *Marietta Fertilizer Co.* v. *Gray*, 22 *Ga. App.* 604 (6) (96 S. E. 711), it was held: "Even though the other writings offered for the purpose of comparison be 'acknowledged as genuine,' the opposite party is entitled to know that evidence for the comparison of signatures will be resorted to, and to have the writings that are introduced for that purpose submitted to him before he announces himself ready for trial." To the same effect are the following decisions: *Georgia Masonic Mutual Life Ins. Co.* v. *Gibson*, 52 *Ga.* 640 (4); *Thomas* v. *State*, 59 *Ga.* 784, 788; *Axson* v. *Bell*, 103 *Ga.* 578 (2) (30 S. E. 262); *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730, 734 (48 S. E. 143).

In view of the mandatory language of the statute and of its strict construction by the courts of this State, we are constrained to hold in a case like this, where the charge is serious and the evidence conflicting, and where the writings must have had considerable weight with the jury, that the statute was not complied with, and that the court committed material error in overruling the motion to exclude the evidence.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*