RISMAN et, Partners, etc v KRUPAR et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12806. Decided May 8, 1933

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for plaintiffs in error.

Ezra Shapiro, Cleveland, for defendants in error.

**McGILL, J.**

It is to be noted at the outset that no motion or petition was filed seeking to vacate the original cognovit judgment nor is there any claim that there was any fraud in procuring the payment of the judgment.

**Sec 11582, GC,** reads as follows:

"Judgment and Order. * * * A judgment is the final determination of the rights of the parties in action. A direction of a court or judge made or entered in writing and not included in a judgment, is an order."

It is well settled that a judgment rendered in a court having jurisdiction of the parties and the subject matter, is binding until set aside or vacated by proper procedure. The general rule is well set forth in the case of **Moore v Robinson, etc., 6 Oh St 303,** in syllabus 3, which reads as follows:

"A judgment rendered by a court having jurisdiction of the subject matter and the person cannot be treated as a nullity. It binds the parties until vacated by appeal or reversed upon error by a court having appellate jurisdiction and cannot be collaterally attacked."

There are many authorities in Ohio that a judgment so rendered is not subject to collateral attack.

In the case of **McAllister v Schlemmer & Grabler Company, 39 Oh Ap 434 (1930), 11 Abs 32; 177 NE 841,** syllabus 4 reads as follows:

"Judgment by confession on part of attorney is as impervious to collateral attack as judgment obtained in open court, if court had jurisdiction."

In 34 Corpus Juris, §830, p. 524, it is said: "The validity or correctness of a judgment cannot be impeached in a subsequent action brought by the former defendant against the former plaintiffs involving the same issues, (Smith v Kelly, 2 N. Y. Sup. 217), or in action to recover back the money paid under the judgment. (Hinds v Wiles, 12 Ala. A. 596; Carter v Canterbury Ecc. Soc. 3 Conn. 455; Peck v Woodbridge. 3 Day 30; Brunson v Bacon, 1 Root 210; Davis v Rome, 23 Ga. A. 188; Morton v Chandler, 7 Me. 44; Homer v Fish, 1 Pick. 435; Loring v Mansfield, 17 Mass. 394; New Madrid v Phillips, 125 Mo. 61; Pacific Lumber Co. v Prescott, 40 Or. 374; Orgle v Baker, 137 Pa. 378; Boyd v Graham, 42 Pa. Co. 632; Brooks v Powell, 29 SW, 809) or for fraud and conspiracy in obtaining the judgment. (Morris v Travelers Ins. Co. 189 Fed. 211; Hall v Hall, 91 Conn. 514; Duffy v Frankenberg, 144 Ill. A. 103; Schultz v Schultz, 136 Ind. 323; Smith v Abbot, 40 Me. 442; Engstrom v Sherburne, 137 Mass. 153; Stevens v Rowe, 59 N. H. 578; Lyford v Demerritt, 32 N. H. 234; White v Merritt, 7 N. Y. 352; Tuttle v Tuttle, 46 N. D. 79; Purdy v Winter, 79 Or. 614)."

In the instant case, the holders of the cognovit note caused the same to be reduced to judgment. Thereafter the judgment was paid, satisfied and discharged. At that time the defendants could have filed a motion to vacate, or, after term, a petition to vacate the judgment under §11631 GC, and could have then proceeded to have the judgment vacated and set aside on the ground of fraud. At that time it apparently seemed advantageous to defendants in the original action to pay the judgment in order to close a real estate deal, although then cognizant of the alleged fraud, the defendants chose to pay the judgment. The conduct of a person in regard to a judgment obtained may be such as to estop him from asserting any invalidity thereof.

The situation in this case is analogous to the case of **Briggs v Hutson et, 27 Oh Ap 23 (1927), (6 Abs 375; 160 NE 860;)** in that case there was an attempted ratification of a forged signature to a promissory note. While the court held that there could be no ratification of a forgery, yet, a person could adopt the obligations of the forged instrument or by conduct be bound thereby.

In the instant case the original defendants by failing to assert the invalidity of the judgment on the ground of fraud saw fit to pay the same and by that conduct adopted the obligation of the judgment and are likewise bound. If fraud had not only been practiced in obtaining the signatures to the note but also in procuring the judgment and the payment of the judgment, a different situation would be presented. But in the case at bar the cognovit judgment showed no fraud or irregularity on its face and was obtained in a court having jurisdiction of the parties and the subject matter. It therefore became a valid and binding judgment or at least voidable.

Public policy requires that at some point in the course of litigation there shall be a final determination of the rights of the parties. Where the court has jurisdiction of the parties and subject matter, as in this case, the judgment is a final determination unless set aside by proper judicial procedure as provided by law.

There is no claim or allegation that there was any fraud in producing the payment or satisfaction of the judgment, nor is there any claim made that defendants in the original action did not know of the fraud at the time the judgment was paid and satisfied. Under these circumstances this court is of the opinion that the plaintiffs below were estopped and having paid the original judgment could not maintain a separate action for the recovery of the money paid. Nor do we believe that there was such duress or involuntary payment as would allow a recovery of the money paid, with the judgment still unimpeached.

It follows that the court erred in finding for the plaintiffs below for the reason that the judgment is contrary to law. Accordingly the judgment is reversed and final judgment is hereby entered for plaintiffs in error, to all of which defendants in error except.

LIEGHLEY, PJ, concurs in judgment.
LEVINE, J, concurs in judgment of reversal, but dissents as to entering final judgment.