22628. BEELAND, administrator, *v.* CLARK.

DECIDED MAY 29, 1933.

*Homer Beeland,* for plaintiff.   *C. W. Foy,* for defendant.

JENKINS, P. J.  ■  On the trial of an issue made by a plea of non est factum, "other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury.  Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial."  Civil Code (1910), § 5836.  Thus, on the trial of such an issue, under the mandate of the statute such papers, before they are admissible for comparison by the jury, must, even though they be "acknowledged to be genuine," be submitted to the opposite party before he announces ready.  This is true because, under the provisions of the statute, the opposite party is entitled to know if this character of proof will be resorted to; and if so, he is entitled to know in advance just what signatures will be offered for such purpose.  Accordingly, in the instant case, irrespective of whether or not it might have been reversible error to permit the defendant to sign her name in the presence of the jury over the protest of the plaintiff, in order that the jury might compare such signature with that on the note in question, on the theory that it was a mere self-serving act, or on the only ground actually assigned, to wit, that the defendant had not previously announced her purpose to use such signature, when such signature was then nonexistent, the additional exception to the admission of the defendant's signature on her plea of non est factum must be sustained, since, under the rule in *Marietta Fertilizer Co.* v. *Gary,* 22 *Ga. App.* 604 (6) (96 S. E. 711), the plaintiff was entitled to know if such evidence

for the comparison of signatures would be offered, by having the writing submitted to him before he announced ready for trial, and, if so, just what signature would be so employed. In this case there appears to be no question as to the genuineness of the defendant's signature to her plea, but the statute covers all writings, even where the signatures are admittedly genuine; and cases may be readily conceived of where the rights of the opposite party would be jeopardized if any signature connected with the pleadings could be used for comparison without notice of such intended test, to afford opportunity to investigate the genuineness of the alleged signature and offer rebuttal evidence, if desired. See also, *Ginn* v. *Ginn,* 142 *Ga.* 420 (2) (83 S. E. 118); *Thomas* v. *State,* 39 *Ga. App.* 659, 661 (148 S. E. 277).

■ Error is assigned on the failure to charge the legal principle that the defendant would be liable on the promissory note sued on, even though she did not execute it or authorize any one to do so for her, if she negotiated it for a valuable consideration. See *Bank of Madison* v. *Cochran,* 26 *Ga. App.* 125 (105 S. E. 626). This assignment is without merit, since there was no proof of such negotiation.

■ Error is assigned also on the failure to charge the law of ratification. The negotiable-instruments law (Ga. L. 1924, p. 132, sec. 23), provides that "When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right . . to enforce payment thereof against any party thereto can be acquired through or under such signature unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." The word "precluded" has been held to be synonymous with "estopped," and not to include ratification or adoption of the instrument or signature thereon, unless these involve also the elements of estoppel. Brannan's Neg. Instr. Law (4th ed.), 182, 183. To create such an estoppel, there must be actual injury or damage. Whether, in the absence of an estoppel, a forgery may be ratified so as to create a liability on the instrument itself, is a question on which there is much conflict of authority. A minority of courts hold that one whose signature may be forged to a promissory note, and who, with knowledge of all the circumstances and intending to be bound, acknowledges the signature or agrees to pay the

note, and thus assumes the obligation as his own, is liable to the same extent as if he had originally signed the instrument, without regard to whether his words and acts amount to an estoppel in pais. But the better considered view, as well as the weight of authority, is that a forgery is incapable of ratification without a new consideration or circumstances constituting an estoppel. Some courts have placed this rule on the ground that the instrument is not merely voidable, but absolutely void; others on reasons of public policy; others hold that in the absence of a new consideration, the ratification or adoption is a mere nudum pactum; and other courts base the doctrine on the ground that ratification involves the relation of agency, which can be made effectual only where an agent acts avowedly for or on account of the principal, and, since a forger never acts or assumes to act for another, the principle of ratification has no application. Marsh *v.* State Bk. Co., 153 Tenn. 400 (284 S. W. 380, 48 A. L. R. 1365, 1367), where the cases are collected and the contrary doctrines considered, and case note, p. 1369) ; Boone *v.* Citizens Bank Co., 154 Tenn. 241 (290 S. W. 39, 50 A. L. R. 1369, 1373), and cit.; Shinew *v.* First Nat. Bk., 84 Oh. St. 297 (95 N. E. 881, Ann. Cas. 1912C, 587, 36 L. R. A. N. S. 1006, and case notes, 1007-1017) ; case notes, 36 L. R. A. 539; 3 R. C. L. 1107, § 324; 8 C. J. 765, §§ 1029, 1030, and cases there cited. See also the more recent cases: Hartlep *v.* Murphy, 197 Ind. 222 (150 N. E. 312) ; Bank of Commerce *v.* McCarty, 119 Neb. 795 (231 N. W. 34) ; Briggs *v.* Hutson, 27 Oh. App. 93 (160 N. E. 860) ; Austen *v.* Marzolf, 294 Pa. 226 (143 A. 908, 909). In the instant case the plaintiff does not invoke by his exceptions the doctrine of estoppel, but plants his exceptions squarely upon the doctrine of ratification. For the reasons stated, the court did not err in failing to charge the latter principle. Moreover, even if the exception made could be taken to include by legal implication the doctrine of estoppel, the evidence contains nothing that would authorize the application of that doctrine. The mere fact that some of the testimony for the plaintiff indicated that the defendant had admitted the signing of the note in the presence of some of the heirs, and had promised them to pay it if given a few months extension, can not be accounted such a consideration as would authorize the application of the doctrine of estoppel, since the heirs were not in position

to bind the common creditors or the administrator in refraining from bringing suit on the instrument.

*Judgment reversed.   Stephens and Sutton, JJ., concur.*