THE STATE, EX REL. DeRAN, v. MYERS, SHERIFF.

(No. 454—Decided July 26, 1948.)

*Mr. Hal C. DeRan, in propria persona.*

*Mr. A. L. Hyzer,* prosecuting attorney, for respondent.

CONN, J. This is an action in mandamus brought in this court by relator against Herbert L. Myers as sheriff of Sandusky county, respondent, and was submitted on the petition of relator, answer of respondent, transcript of the docket and journal entries, stipulated evidence which consisted of the original papers in case No. 25025, Common Pleas Court of Sandusky county, and briefs and arguments of counsel.

From the allegations in the petition and the documentary evidence, it appears that relator is an attorney at law and as such represented one Charles S.

Fox, in an action brought on July 8, 1944, in the court of the justice of the peace of Fremont township, Sandusky county, against one David Ellis Jones, to recover the sum of $299.99 alleged to be due Charles S. Fox for legal services. An order of attachment was issued in that action and certain personal property of the defendant then in the possession of William McC. Baumann, conciliation commissioner of Sandusky county, was attached. Upon hearing, judgment was rendered for the plaintiff and the order of attachment was sustained, appeal bond given and the cause appealed to the Common Pleas Court, being cause No. 25025 in that court, and the same case referred to above.

The issues in the Common Pleas Court, raised on the petition of plaintiff and answer of defendant, were determined in favor of plaintiff and judgment entered. On appeal to the Court of Appeals on questions of law, the judgment of the Common Pleas Court was affirmed and the cause remanded for execution.

The defendant duly filed his motion in the Supreme Court of Ohio for an order directing the Court of Appeals for Sandusky county to certify its record, which motion was overruled on October 30, 1946. No application for a rehearing was filed in the Supreme Court of Ohio and no application was made to the Supreme Court of the United States for a writ of certiorari.

Prior to the commencement of the proceeding in the justice court, to wit, on July 5, 1940, the defendant, David Ellis Jones, had filed his petition in bankruptcy in the United States District Court for the Northern District of Ohio, Western Division, pursuant to the provisions of the Frazier-Lemke Act. Subsequently, to wit, June 17, 1944, on the application of David Ellis Jones, the bankrupt, the proceedings in bankruptcy were dismissed.

Relator alleges further that on November 8, 1946, and subsequently to the overruling of the motion to certify by the Supreme Court of Ohio, execution was issued and delivered to the sheriff of Sandusky county, and on January 9, 1947, a levy was made on certain real estate located in Gibsonburg, Sandusky county.

It appears further that on the motion of David Ellis Jones, filed in the United States District Court at Toledo, Ohio, an order was issued by Frank C. Kniffin, referee in bankruptcy, on December 9, 1946, directing Charles S. Fox and Herbert L. Myers as sheriff, to appear on December 23, 1946, and show cause why an injunction should not issue restraining them from levying on and selling any property of the applicant David Ellis Jones. On November 15, 1946, and prior to the hearing on that motion, David Ellis Jones filed his application in the United States District Court for injunction, accounting and other equitable relief.

It is alleged further by relator that the referee in bankruptcy, upon the hearing of the motion to show cause, found and determined that the federal court could not exercise any control over the property of David Ellis Jones after granting his application to dismiss the bankruptcy proceedings; that on January 8, 1947, the sheriff returned the execution with the endorsement thereon: "Property not sold pending with decision of federal court, Toledo, Ohio"; and that on March 27, 1947, an alias execution was issued to the sheriff and levy again made on real estate in Sandusky county, but this execution was returned "property not sold" for substantially the same reason given on the first writ. On July 14, 1947, *venditioni exponas* order of sale was issued to the sheriff and on September 15, 1947, such writ was returned "property not offered for sale by reason of injunction granted in the United

States District Court, Toledo, Ohio," the federal court having issued a preliminary injunction on September 12, 1947.

On March 26, 1948, the preliminary injunction was made permanent by the federal court and Charles S. Fox and Herbert L. Myers as sheriff "and their respective heirs, executors, administrators and assigns and their respective agents, servants, employees and attorneys and successors in office" were permanently enjoined from enforcing or attempting to enforce upon execution or otherwise the payment of such judgment.

Relator avers further that the proceedings in the federal court at Toledo, Ohio, were without jurisdiction, that all the issues of fact and law were determined by the courts of the state of Ohio, that no appeal was taken to the Supreme Court of the United States and the judgment rendered in the state courts became final; and that relator has no remedy, either plain or adequate, at law and is remitted to the extraordinary proceeding in mandamus.

Relator prays for a writ of mandamus commanding the respondent, as sheriff of Sandusky county, to proceed under his levy to sell the real estate levied on and that he be ordered to make proper return of his proceeding.

The answer of respondent, after admitting his official character, contains a general denial and affirmative averments setting up the issuance of the temporary injunction and also the permanent injunction already referred to and prays that the relator's petition be dismissed.

Under the provisions of subsection (s) of Section 75 of the Bankruptcy Act (Title 11, Section 203 [s], U. S. Code) a debtor may withdraw his petition by filing

an application for that purpose. This procedure was followed by David Ellis Jones. On May 29, 1944, about four years after he filed his original petition in bankruptcy, he made application to the court setting forth that he had paid his debts and asked that his adjudication in bankruptcy be vacated and his amended petition under subsection (s) of Section 75 of the Bankruptcy Act be dismissed. Notice was given his creditors and upon hearing, the application was granted on June 17, 1944.

It is a rule of general application that upon the dismissal of a pending case, the jurisdiction of the court is ended. If jurisdiction is to be retained, it is necessary that a provision to that effect be made a part of the order of dismissal.

In the instant case it does not appear that an application for rehearing was made or an appeal taken or that the judgment of dismissal has ever been formally vacated. The granting of the motion to show cause and also the granting of the temporary injunction may have the effect of vacating the judgment of dismissal. However, the judgment in the state courts regularly entered and affirmed, following the judgment of dismissal, could not be collaterally attacked or invalidated by subsequent proceedings begun in the bankruptcy court even though such proceedings had the effect of vacating the judgment of dismissal.

The effect of dismissal and reinstatement of petition under Section 75 is considered in Sections 4063 and 4064 in Remington on Bankruptcy and also in the cases cited.

Jurisdiction does not depend on the soundness of the court's decision. Where the court has jurisdiction of the parties and the subject matter, if error be committed in rendering judgment, no matter how erro-

neous its proceedings, such error is capable of being set right by an appeal to a reviewing court, but not by means of a collateral attack. 11 Ohio Jurisprudence, 668, Section 25.

However, a judgment absolutely void is subject to attack anywhere, either directly or collaterally, as it is a mere nullity.

The following authorities are cited as illustrative of the doctrine here under consideration: *Sheldon's Lessee* v. *Newton,* 3 Ohio St., 494; *Moore* v. *Robison,* 6 Ohio St., 302; *Risman* v. *Krupar,* 45 Ohio App., 29, 186 N. E., 830; *Union Savings Bank & Tr. Co., Exr.,* v. *Western Union Tel. Co.,* 79 Ohio St., 89, 86 N. E., 478, 128 Am. St. Rep., 675; 49 Corpus Juris Secundum, 792, Section 401.

When an issue of law or fact has been finally determined on the merits by a court having jurisdiction, such issue or issues may not again be tried in a subsequent action between the same parties or their privies.

These general rules in the sphere of civil procedure have been recognized and confirmed in numerous cases.

We call attention to the case of *Union Joint Stock Land Bank of Detroit* v. *Byerly,* 310 U. S., 1, 84 L. Ed., 1041, 60 S. Ct., 773, which is cited and relied on by relator and which was the basis for the judgments in the state courts, where it was held that reinstatement of bankruptcy proceedings under favor of the Frazier-Lemke Act "did not invalidate a sheriff's sale and deed which were confirmed and authorized by a state court acting within its jurisdiction during the interval between the dismissal of the bankruptcy case and the motion to reinstate it." We quote from page 8 of the opinion of the court as follows:

"Although the state court's jurisdiction was superseded by that of the bankruptcy court, it again at-

tached upon the dismissal of the bankruptcy case, and,. thenceforward, as respects the foreclosure suit, and the state court's procedure, it was as if no bankruptcy case had ever existed. With jurisdiction of the parties and the subject matter, the state court entered a decree confirming the sale and authorizing a deed, the sheriff executed his deed, which was duly recorded, and the petitioner went into possession as purchaser of the mortgaged premises. Thereafter the respondent moved for reinstatement of the bankruptcy case and his motion was granted. In the interim, no bankruptcy cause was pending and the state court had jurisdiction to proceed as it did."

So far as we are informed, the law of that case has. never been overruled or modified.

We also call attention to the case of *Wheat* v. *Texas Land & Mortgage Co., Ltd.*, 153 F. (2d), 926, where a debtor undertook to reopen the bankruptcy proceedings and obtain relief under the Frazier-Lemke Act after he had unsuccessfully litigated in the state courts issues raised in an action brought therein by him to set aside the judgment entered in a foreclosure proceeding and also the sale of land thereunder, which proceeding was carried on and concluded after the bankruptcy proceeding had been dismissed. In that case, the bankruptcy court refused to restrain the mortgagee from proceeding with its foreclosure. We quote the syllabus of this case:

"1. Judgment—Under res judicata doctrine, a question within the compass of the tendered issues in a previous case is concluded by the judgment in such case, even though such question is not expressly raised and decided therein.

"2. Judgment—A state court judgment in mortgagor's trespass to try title action was res judicata

and a bar to mortgagor's attempt to obtain relief from mortgage foreclosure by reopening bankruptcy proceeding under the Frazier-Lempke Act, where every matter present in controversy was expressly raised and decided in the state court action or was within the compass of the tendered issues.'' (Writ of certiorari denied, 328 U. S., 837.)

See, also, *Bastian* v. *Erickson* (U. S. C. C. A., 10), 114 F. (2d), 338; *In re Snyder,* 32 F. Supp., 903.

In the latter case where petition for a composition or extension under the Bankruptcy Act was dismissed, and subsequent to dismissal but prior to application for appeal and prior to granting of injunction against legal proceedings pending final outcome of question presented by appeal, an action in detinue was begun before a justice of the peace for the recovery of a certain farm equipment. Judgment was rendered in favor of the plaintiff and possession of the farm equipment was awarded him. Subsequently, the order of dismissal was reversed by the Circuit Court of Appeals. It was held that the state court's judgment could not later be set aside by the bankruptcy court following reversal of dismissal order and remanding of cause for further proceedings.

Under the pleadings and the evidence, it appears that the state court had jurisdiction of the parties and the subject of the action; that the issues that were subsequently presented in the bankruptcy court were challenged all along the way in the state courts; that even if the proceedings in the state courts were erroneous, they were not void, and the remedy was by timely application for review in the United States Supreme Court. No appeal having been taken, the judgment of the courts of Ohio has become final and is now *res judicata* as to all parties to the suit in the state court and as to all the issues raised and decided.

A writ of execution against the property of the judgment debtor having been duly issued and directed to the respondent, pursuant to the provisions of Section 11664, General Code, a mandatory duty was thereby imposed on him, as sheriff of Sandusky county, to execute the writ as ordered. It follows that a peremptory writ of mandamus should issue as prayed for.

*Writ allowed.*

CARPENTER and FESS, JJ., concur.