## 64444. JACKSON v. JACKSON et al.

McMurray, Presiding Judge.

Shortly before the demise of L. B. Jackson certain funds which he had on deposit with the Carrollton Federal Savings and Loan Association in excess of $52,000 were transferred to joint accounts in the name of his wife, Mary L. Jackson, and L. B. Jackson.

After his death and the appointment of J. P. Jackson as executor of his estate an action was brought by the executor against Mary L. Jackson, Carrollton Federal Savings and Loan Association and John Doe, individually and jointly, alleging that the transfer of the funds was procured by fraud through forgery as to the name of the decedent, the defendants had concealed the transfer of these funds and the officers and employees of the defendant savings and loan association had negligently allowed such funds to be transferred based upon unwitnessed and unverified and forged authorizations. The defendants answered separately and in general denied the claim.

The case proceeded to trial and the jury returned a verdict in favor of the defendants. Plaintiff appeals. *Held:*

1. Errors are enumerated to the admission in evidence of other writings (various checks purportedly signed by the decedent) for the purpose of comparison by the jury and the testimony of an expert witness testifying to the signatures on the other writings for comparison to the decedent's signature on his last will and testament to show no forgery had occurred. The plaintiff contends that he was not furnished the other writings which were intended to be introduced by the opposite party before the announcement that the parties were ready for trial in violation of Code § 38-709. As held in *Smith v. State,* 138 Ga. App. 226, 229-230 (4) (225 SE2d 744), the failure of a party to comply with the mandatory provisions of Code § 38-709 precludes the use of other writings for the purpose of comparison if such writings are not submitted to the opposite party before the announcement of ready for trial. See also *Moultrie Repair Co. v. Hill,* 120 Ga. 730, 734 (48 SE 143); *Ga. Masonic Mut. Life Ins. Co. v. Gibson,* 52 Ga. 640 (4), 643; *Thomas v. State,* 59 Ga. 784, 788 (5); *Walters v. Josey,* 137 Ga. 475 (2) (73 SE 653); *Axson v. Belt,* 103 Ga. 578 (2) (30 SE 262); *Marietta Fertilizer Co. v. Gary,* 22 Ga. App. 604 (6) (96 SE 711); *Thomas v. State,* 39 Ga. App. 659, 661 (148 SE 277); *Notis v. State,* 84 Ga. App. 199, 203 (65 SE2d 622); *Ginn v. Ginn,* 142 Ga. 420 (2) (83 SE 118); *Beeland v. Clark,* 47 Ga. App. 77 (1) (169 SE 681).

Code § 38-709 with reference to the comparison of writings reads as follows: "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the

jury. *Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial.* " (Emphasis supplied.) There is no doubt from the rulings in the above cases that it is a mandatory requirement that other writings, proved or acknowledged to be genuine, and admitted in evidence for the purpose of comparison of the signature, shall be submitted to the opposite party before he announces himself ready for trial. It is reversible error to fail to comply with this statute.

In the case sub judice the trial court, citing *Smith v. State,* 77 Ga. 705 (1), 710-711, held that when there is direct evidence of the execution of a paper with reference to its genuineness as to the signature thereon, evidence of experts and others may be resorted to to prove the handwriting of the party, that is, "from whom it purports to emanate." Page 706 (1a). See also *Rader v. H. Boyer Marx & Assoc.,* 142 Ga. App. 97, 99 (3) (235 SE2d 690), citing *Vizard v. Moody,* 119 Ga. 918, 924 (8) (47 SE 348); *Martin v. State,* 135 Ga. App. 4, 7 (217 SE2d 312). The rulings in these latter cases of *Smith, Rader, Vizard* and *Martin,* supra, refer to the first sentence of the statute (Code § 38-709) requiring proof or acknowledgement of the writings to be genuine and not the second sentence ("Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial"). The earlier cases listed above are controlling in that such new papers "shall be submitted to the opposite party before he announces himself ready for trial." This was the objection made in the case sub judice. Accordingly, the first two enumerations of error are meritorious, requiring a new trial.

2. As a new trial will be necessary in this case the remaining enumeration of error is not considered as same may not occur again.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 6, 1982 —

Thomas J. McHugh, Jr., for appellant.
William D. Covington, David H. Tisinger, Henry C. Head, for appellees.