## WALTERS, executor, *v.* JOSEY.

1. The admission of irrelevant evidence which is not hurtful to the complaining party affords no cause for a new trial.
2. Where a defendant executor, in an action of complaint for land, set up that the plaintiff's wife, under direction of the plaintiff, had written a letter authorizing the sale of the land, and that the testatrix of the defendant had purchased it thereunder and paid the purchase-price in full; and where the wife of the plaintiff, while testifying as a witness, denied that the letter was written by her, other letters which she admitted having written were not admissible in evidence for the purpose of comparison without proof of the genuineness of the first, over objection, where such letters had not been submitted to the adverse party before he announced ready for trial.
3. This court will not reverse the judgment of the court below refusing a new trial, on the ground that certain conversations alleged to have been material in their bearing upon the issues of fact in the case were excluded from the evidence, when the conversations which the court re-

fused to allow the movant to prove are not set forth literally or in substance in the motion.

4. There was sufficient evidence to support the verdict.

JANUARY 16, 1912.

Complaint for land. Before Judge Rawlings. Washington superior court. September 14, 1910.

*Evans & Evans,* for plaintiff in error. *W. E. Armistead,* contra.

BECK, J. Josey brought an action in ejectment against the executor of his mother, to recover two tracts of land which the plaintiff inherited from his father, and which the defendant claimed had been sold by the plaintiff to his mother. The jury returned a verdict in favor of the plaintiff for the premises in dispute. A new trial was denied, and the defendant excepted.

1. The defendant was the executor of the plaintiff's mother, and he resisted the suit of her son upon the ground that the land in controversy had been purchased by defendant's testate, the mother of plaintiff, and that the purchase-price had been paid. The plaintiff denied that he had sold the land to his mother, or that she had paid for the same. And thus the controlling issue of fact in the case was made.

One of the grounds contained in the motion for a new trial assigns error upon the ruling of the court in admitting, over the objection that the same was irrelevant, the following testimony of a named witness: "I know William Josey [the plaintiff], and I know his mental condition. It is weak; he is a weak-minded man." The plaintiff in this case was not seeking to set aside any conveyance or any other document conveying title to the land in question, on the ground of mental incapacity to execute a valid conveyance; and it would therefore seem that the evidence was open to the criticism pointed out—its irrelevancy. But we do not think that its admission was hurtful to defendant. If hurtful at all, the injury was to the party offering it, the plaintiff, in view of the fact that as a party to the case he had undertaken to state and explain certain matters involved in the controversy and to uphold his contention by his own testimony relative to material facts in the case; and the value of his testimony was, to a certain extent, dependent upon the accuracy of his memory. That and his truthfulness would both necessarily be considered by the jury in passing upon the value of his testimony given before them; and evi-

dence that he was of feeble intellect would necessarily diminish the weight of his testimony. To that extent he and not the com- plaining party was injured by the evidence under criticism. .

2, 3. The rulings in headnotes 2 and 3 require no discussion or elaboration.

4. We have indicated above the controlling issue in the case. There was sufficient evidence to support the finding of the jury upon that issue, and this finding should not be set aside.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*