5548.   COOLEY *v.* JONES & HOPKINS MANUFACTURING COMPANY.

WADE, J.  1. Since no precise and definite exception is taken to the ruling to the effect that no legal defense was presented by the defendant's pleas, we can not consider that question.

2. Where error is assigned because the court rejected evidence which the bill of exceptions recites was offered "in support of each and every allegation made" in the defendant's pleas, and it does not appear, literally or in substance, what evidence was rejected or what objections were urged to its admission, this court can not determine whether or not it should have been admitted. Evidence may be offered which tends to support a legal defense, but which is nevertheless wholly incompetent. An exception to the admission or exclusion of evidence which fails to set out the evidence literally or in substance presents no question for decision. *Shaw* v. *Jones,* 133 *Ga.* 446 (9), 450 (66 S. E. 240); *Norton* v. *Aiken,* 134 *Ga.* 21 (67 S. E. 425); *Walters* v. *Josey,* 137 *Ga.* 475 (73 S. E. 653); *Burkhart* v. *Fitzgerald,* 137 *Ga.* 366 (73 S. E. 583).

3. The introduction of the negotiable promissory note in evidence made out a prima facie case, upon which the plaintiff was authorized to recover; and in the absence of any evidence in support of a plea, the court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Broyles, J., not presiding.*

DECIDED FEBRUARY 13, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. January 23, 1914.

*Walter W. Visanska,* for plaintiff in error.

*Moore & Pomeroy,* contra.