WALKER *v.* THE STATE.

No.   17432.   ARGUED APRIL 9, 1951—DECIDED MAY 14, 1951.

*Pierce Brothers,* for plaintiff in error.

*Eugene Cook, Attorney-General, George Hains, Solicitor General, Charles H. Britt,* and *Frank B. Stow, Assistant Attorney-General,* contra.

ALMAND, Justice. Under an indictment charging him with murder, Charlie Walker was found guilty, and on recommendation of the jury was sentenced to life imprisonment for the killing of Willie (Bill) Green Sr.   His motion for a new trial, on the general grounds and one special ground, having been overruled, he now seeks a review of his trial and conviction.

1.   The only special ground of the motion for a new trial complains that the court erred in excluding the testimony of Will Thomas, who was offered as a witness in behalf of the defendant for the purpose of impeaching a State's witness, James Willie Bozeman, who testified as a witness to the assault committed by the defendant on the deceased.   This ground recites that, on the cross-examination of Bozeman by counsel for the defendant, the foundation was laid for the impeachment of Bozeman by the defendant's counsel asking Bozeman if at a certain

time and place he, Bozeman, did not have a conversation with one Will Thomas about the killing, and Bozeman replied that he did not talk about the killing. This ground then recites that the defendant thereupon called Will Thomas to the stand, and after Thomas had testified that he knew Bozeman, and that, while Bozeman and the witness were in jail, the witness had a conversation with Bozeman, the defendant's counsel asked Thomas what was the conversation. On objection of the solicitor-general, the court refused to permit Thomas to answer the question. This ground then set out a colloquy that took place between the court, the solicitor-general, and the defendant's counsel. Neither the amended motion for a new trial nor the brief of evidence shows what Thomas would have testified about his conversation with Bozeman, nor does either of them show any statement made by counsel for the defendant as to what contradictory statements, if any, Bozeman made to Thomas.

Conceding, without deciding, that the defendant had laid a sufficient foundation to impeach the State's witness by the introduction of contradictory statements made by such witness to Thomas, the alleged error in the refusal of the court to allow Thomas to testify as to such conversation cannot be considered by this court, because neither this ground of the motion nor the record sets out the substance of the conversation, if any, that Bozeman had with Thomas, in that this court cannot determine if error was or was not committed. "This court will not reverse the judgment of the court below refusing a new trial, on the ground that certain conversations alleged to have been material in their bearing upon the issues of fact in the case were excluded from the evidence, when the conversations which the court refused to allow the movant to prove are not set forth literally or in substance in the motion." *Walters* v. *Josey*, 137 *Ga.* 475 (3) (73 S. E. 653). Therefore, the only special ground of the motion cannot be considered.

■ Though counsel on the oral argument of this case conceded that the evidence was sufficient to authorize the conviction of the defendant, we have carefully read the evidence, and find that the verdict of guilty was fully supported by the evidence.

*Judgment affirmed. All the Justices concur.*