22126. HOUSEWORTH et al. v. ABBOTT.

SUBMITTED SEPTEMBER 11, 1963—
DECIDED OCTOBER 11, 1963.

*J: C. Bowden, P. L. Rogers,* for plaintiffs in error.
*William C. Cobb,* contra.

ALMAND, Justice.   Reuben Houseworth and others as the sole heirs at law of W. E. Houseworth brought their equitable petition seeking to enjoin the defendant Uel Abbott from trespassing on 25 acres of land located in Land Lots 113 and 144 of the 16th District of DeKalb County, alleging that they held title to the tract and had been in possession of the same since the death of their father in 1956.   The defendant in his answer denied the plaintiffs' allegations of title and possession and asserted that he acquired title to the tract under a deed from J. J. W. Houseworth in 1930 and has since that time been in continuous, open, peaceful, and adverse possession of the tract.

On the trial of the case the jury returned a verdict in favor of the defendant and the court entered a decree denying the prayers and describing the boundary lines of the 25 acres in dispute.   The plaintiffs' motion for a new trial on the general and special grounds was overruled.   Error is assigned on this order.

■ Grounds 1, 2, 3, 4, and 5 complain of the court's charge of the plaintiffs' contention that they owned the 25 acres and the defendant's contention that the tract was owned by him and had been in his possession for more than 30 years. It is asserted that these charges were erroneous in that title to the tract was not the issue but that the issue to be decided was the establishing of a property line between the land owned by the defendant and the plaintiffs and that the court failed to charge the jury that they had to establish a boundary line.

There is no merit in the objections to the several excerpts of the court's charge set out in these grounds. Under the pleadings and evidence the issue was as to who held title to the 25 acres.

■ The court charged the jury as follows: "I charge you, gentlemen of the jury, that in a deed, if there has been a mistake made, and you believe that, and you further believe that under the mistake the alleged owner has been in open and notorious possession of the property for twenty years, then I charge you that that would cure that mistake or defect." In ground numbered 6 error is assigned on the ground that the charge "should have been qualified by further charge that the parties plaintiffs and defendant are near relatives and a family relationship, who own coterminous land, among whom favors are likely to be granted, by reason of which the jury might determine there was consent for defendant to tend a garden on the land of the plaintiffs." This charge is not erroneous for the reasons assigned.

■ In ground numbered 7 the court charged the jury that if they did not believe the defendant had title to the land or that the defendant had not held it openly and notoriously for 20 years, it would be their duty to find for the plaintiffs. The exception to the charge is that (a) the court failed to instruct the jury that their duty was to establish the land line; (b) the court failed to charge the jury that title cannot be acquired by one who occupies another's land by consent of the owner; and (c) the court failed to instruct the jury that near relatives and family relationships were to be considered.

This charge stated a correct principle of law, and in the absence of a request it was not error to fail to charge on the subjects set out in this ground.

■ Special ground numbered 8 assigns error on the court's refusal to admit certain oral evidence. This ground refers to a page from the "Rulings of the Court." Such rulings are not in the record. This ground is incomplete because it does not give the name of the witness, the question asked, the objection, or the answer expected. *Smith v. State*, 126 Ga. 803 (2) (55 SE 1024) ; *Walters v. Josey*, 137 Ga. 475 (3) (73 SE 653).

5. Special grounds numbered 9, 10, and 11 assign error on the court's refusal to admit two deeds and two maps or surveys. Though copies of the documents are incorporated in these grounds and refer to numbered pages of the "Rulings of the Court," which is not in the record, the circumstances under which they were offered, their relevancy, genuineness or authenticity are not shown. These grounds are too indefinite, general and incomplete to be considered. *Elberton Southern R. Co. v. Canon Oil &c. Co.*, 154 Ga. 436 (114 SE 885) ; *Central of Ga. R. Co. v. Jaques & Tinsley Co.*, 23 Ga. App. 396 (2) (98 SE 357).

6. The issue between the parties was as to who had title to a strip of land lying between a tract of 14 acres and one of 25 acres which the defendant bought from the plaintiffs' father. The plaintiffs contended that the strip was not included in either deed. The defendant contended that it was included and that he had occupied and cultivated and possessed the land openly for more than 20 years. While there was conflicting evidence as to the boundary lines between the defendant's land and that of the plaintiffs, there was sufficient evidence to support the jury's verdict that the defendant had title to the disputed tract.

It was not error to overrule the motion for a new trial.

*Judgment affirmed. All the Justices concur.*