### 44372. PADULA v. THE STATE.

JORDAN, Presiding Judge. This is an appeal from a conviction and sentence for forgery and uttering a forged instrument and the overruling of a motion for new trial. *Held:*

1. Under the circumstances as hereafter shown no harmful error is disclosed by the refusal of the trial court to exclude documents offered by the State for handwriting comparison in proof that the accused was the perpetrator of the offenses. Counsel for the accused relies on *Code* § 38-709, which provides that "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when in-

tended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial." The objection reveals that on the call of the case on Monday, June 17, 1968, both parties announced ready, and that on Wednesday, June 19, 1968, about 9:29 a.m. just before trial of the case counsel for the State exhibited the documents to counsel for the accused. Counsel for the State, however, made a statement for the record that several weeks previously he had informed counsel of his intention to use the documents, and that they "had some conversation about his seeing them and he wanted to and I said they were available but for some reason we never got together to let him see them. They were available." In response to questioning by the court counsel stated further, "I showed them to him before the trial and certainly he could have asked for a continuance at that time if he had wanted to examine them." There is nothing in the record to disclose any request for a continuance to examine the documents.

We think the purpose of *Code* § 38-709 was fully met when the State made known to counsel for the accused the existence of the documents, and that they were available for the examination, this well in advance of the trial, and that no cause for complaint exists if counsel for the accused failed to take advantage of the offer. The record is clear that counsel for the accused at the trial in no way disputed the statement of counsel for the State that the writings were available for inspection several weeks prior to the trial.

2. The contention that the accused was denied due process because a bank failed to reply to a subpoena duces tecum is unsupported by any citation to the record in the enumeration of errors or the brief, and we find nothing in the record to show harmful error in this respect.

3. The evidence on behalf of the State, including the opinion testimony of a handwriting expert, clearly shows that the handwriting on the forged instrument and that of a letter admitting the offenses, when compared with a known specimen of the accused's signature, is the handwriting of the accused, and the accused was positively identified as the person who negotiated the forged instrument at a bank. The evidence supports the verdict and judgment, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

564

Submitted April 8, 1969—Decided April 22, 1969.

*B. Robert Shipp,* for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty,* for appellee.