## 51938. SMITH v. THE STATE.

CLARK, Judge.

Defendant was tried on 18 counts of forgery in the first degree and, after 8 counts were dismissed on motion of the prosecution, he was convicted on 10 counts of the offense. Appeal is brought from the denial of defendant's motion for a new trial and from the judgment of the court entered upon the jury's verdict. *Held:*

1. The evidence was sufficient to authorize the jury's verdict. One of the defendant's two accomplices, a fifteen-year-old youth, testified to the conspiratorial scheme orchestrated by defendant. Utilizing blank checks, the defendant would prepare what appeared to be payroll checks with his typewriter and Paymaster checkwriter. The checks were signed by defendant using the fictitious name of Lee H. Langdale, Jr., and were made payable to the names appearing on lost or stolen social security cards which defendant possessed. Defendant would drive his juvenile accomplices to a business after bank hours and, while he waited in the car, the youths would cash the check (after purchasing an item designated by defendant) using the social security cards for identification. The accomplice identified each of the ten checks (corresponding to the ten counts of which defendant was convicted) and testified to the circumstances surrounding the making and uttering of each instrument. This witness testified that each of the

checks was prepared by defendant.

The accomplice's testimony was sufficiently corroborated by other evidence appearing in the record. Expert testimony established that the same person signed each of the checks and that this person's signature was different from that used to endorse the instruments. The typewriter and Paymaster, identified by the Chief Document Examiner for the State Crime Laboratory as the machines used to prepare each of the checks, were found in defendant's car. In addition, defendant admitted that the typewriter was his and that the checkwriter "could be mine."

Contrary to defendant's contention, the record reveals a sufficient degree of corroboration connecting the defendant with the crime. " 'The sufficiency of the corroboration of the testimony of the accomplice to produce [defendant's] conviction . . . is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence.' [Cits.]" *Quaid v. State,* 132 Ga. App. 478, 483 (208 SE2d 336). See *Pitts v. State,* 128 Ga. App. 434 (197 SE2d 495).

Defendant further contends that his conviction of forgery in the first degree is unwarranted since it was not shown that he uttered any of the checks. The evidence did show, however, that each of the checks was uttered by one of defendant's accomplices pursuant to conspiratorial scheme. "Where individuals enter into a conspiracy to commit a crime, its actual perpetration by one or more of them in pursuance of such conspiracy is in contemplation of law the act of all, and therefore is imputable to all, regardless of their presence or absence at the time it is committed. [Cits.]" *Chambers v. State,* 194 Ga. 773, 781 (22 SE2d 487); *Jones v. State,* 135 Ga. App. 893, 899 (219 SE2d 585).

2. Error is enumerated upon the trial court's denial of defendant's motion to sever the numerous counts in the indictment. All of the ten counts on which appellant was convicted were for checks dated November 1 or November 2, 1974, were all prepared by the same typewriter, stamped by the same checkwriting machine, made

payable to either R. T. Gillespie or Eugene Ott, and were all signed in the fictitious name of Lee H. Langdale, Jr. Additionally the checks were all foisted off upon merchants in Ware County, Georgia on two days, Friday afternoon November 1 and Saturday, November 2, 1974. Clearly the charges were based upon the same conduct, scheme and plan although involving different victims.

Where the joinder of counts at trial "is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge . . .' [Cits.]" *Coats v. State,* 234 Ga. 659, 662 (217 SE2d 260). A joinder of offenses is not erroneous where "[f]rom the nature of the entire transaction it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other crimes to be introduced [and] they were all a part of one continuous transaction covering a period of [several] hours." *Henderson v. State,* 227 Ga. 68, 76 (179 SE2d 76); *Coker v. State,* 234 Ga. 555, 557 (216 SE2d 782).

We cannot agree with defendant's contention that the instant case is controlled by *Booker v. State,* 231 Ga. 598 (203 SE2d 194) as fortified by *Dingler v. State,* 233 Ga. 462 (211 SE2d 752). The ten criminal acts of which defendant was convicted constituted a single and continuous scheme covering a time span of only two days. Each offense consisted of the same conduct and was connected to the other crimes as a part of a larger scheme to defraud the merchants of this locality during its weekend (non-banking) hours. In addition, the evidence presented was not of such complexity as to hinder the trier of fact in being able to distinguish the evidence and apply the law intelligently as to each offense. Under these circumstances severance is a matter of discretion for the trial court. See *Coats v. State,* 234 Ga. 659, 662 (217 SE2d 260); *Coker v. State,* 234 Ga. 555, 557 (216 SE2d 782). The court's refusal to grant defendant's motion for severance has not been shown to constitute an abuse of discretion. Accordingly, this enumeration is without merit.

3. Error is enumerated upon the overruling of defendant's motion to suppress the typewriter and Paymaster checkwriter as fruits of an illegal search and

seizure. These items were located on the back seat of defendant's car, which was being driven by his 15-year-old accomplice. When the police stopped the vehicle for a traffic violation, the youth was unable to produce a driver's license or proof of vehicle ownership. As the police had probable cause to believe that the automobile was stolen, they had further cause to believe that the typewriter and checkwriter, which were in plain view, were additional fruits of the youth's crime. Under the totality of circumstances then existing, the officers were justified in either seizing these items as evidence to be used against the juvenile offender or impounding the items for return to their rightful owner. See Code Ann. § 27-301 (d) (Ga. L. 1966, p. 567); *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150);*Brooks v. State,* 129 Ga. App. 393 (199 SE2d 578); *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900); *Craft v. State,* 124 Ga. App. 57, 58 (183 SE2d 371). The trial judge was correct in overruling defendant's motion to suppress.

4. Error is enumerated upon the trial court's admission, over timely objection, of expert testimony comparing defendant's handwriting with that appearing on the forged checks. Samples of defendant's handwriting were excluded from evidence due to the state's failure to comply with the provisions of Code § 38-709. This Code section provides: "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when intended to be introduced, *shall be submitted to the opposite party before he announces himself ready for* trial." (Emphasis supplied.)

Despite the court's exclusion of the handwriting samples, the state's expert witness was nevertheless permitted to testify that he compared the writing on the excluded papers with the signatures on the forged checks and found "numerous similarities" and "no basic differences" in the handwritings. The witness concluded that "there was reason to believe that the [defendant] prepared the [forged] signature."

While the trial court correctly excluded from evidence the handwriting samples which were not submitted to defense counsel prior to trial, it erred in

permitting expert testimony which utilized the same excluded writings as a basis for comparison. A party's failure to comply with the mandatory provisions of Code § 38-709 precludes the *use* of those writings, whether as tangible evidence or as a standard for expert testimony, for the purpose of comparing handwriting. See *Mitchell v. State,* 89 Ga. App. 80, 86 (2) (78 SE2d 563), wherein the admission of a handwriting expert's comparative testimony was held erroneous due to the state's noncompliance with Code § 38-709. Compare *Notis v. State,* 84 Ga. App. 199, 203 (3) (65 SE2d 622).

We note additionally that since the excluded writings "were neither proved nor acknowledged to be in the handwriting of the accused, they furnished no standard with which to compare the handwriting of the forged order." *McCombs v. State,* 109 Ga. 496, 499 (34 SE 1021). "Where a paper is offered for the purpose of comparison, its execution by the maker must either be proved or acknowledged by him. Before it could be set up as a standard by which to judge of the genuineness of another paper, the handwriting must be established as being that of the alleged maker. . . Its force as evidence cannot be made dependent upon inference; because, in order to determine by comparison the identity of makers by similarity of handwriting, it is of prime consequence that we first establish a genuine standard. . ." *McVicker v. Conkle,* 96 Ga. 584, 595 (24 SE 23).

The trial court's ruling allowing the expert testimony was error and clearly prejudicial to the accused's defense. Accordingly, the judgment below must be reversed.

5. Defendant's remaining enumerations of error raise issues which are unlikely to recur upon retrial of this case. We need not therefore consider the merits of these contentions.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED
MARCH 19, 1976.

*David G. Mercer,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.