## 52248. GILLILAND et al. v. THE STATE.

SMITH, Judge.

The Court of Appeals affirmed the appellants' conviction of violating the Georgia Controlled Substances Act. *Gilliland v. State,* 139 Ga. App. 399 (228 SE2d 314). However, the Supreme Court remanded the case for further consideration in light of its holding in *Patterson v. State,* 238 Ga. 204 (232 SE2d 233), that a defendant charged with possession or sale of a prohibited substance has a general right to have an expert of his own choosing analyze the substance. *Gilliland v. State,* 238 Ga. 542. Upon reconsideration, we hold that the trial court erred in denying the appellants' motion for an independent analysis, and the judgment of conviction is reversed.

1. The Supreme Court did not recognize an absolute right to perform independent examination. The request must be timely and reasonable, and it still may be denied in the court's discretion if any valid reason exists for not permitting the analysis. *Patterson,* p. 206. In *Patterson* the request was untimely because it came almost three years after indictment; in this case the request was filed three months after indictment. More importantly, the motion for independent analysis was filed just over a month after the denial of a motion to suppress the substances to be analyzed, and more than a month before the trial was held. The appellants' request designated the expert to conduct the tests and alleged that the state's tests contain a substantial possibility of error. The motion further stated that counsel for appellants had orally requested state's counsel to permit examination by the appellants' expert, but the request had been denied. It thus appears the appellants' request was both timely and

reasonable. Furthermore, nothing appears in the record tending to show "any valid reason . . . for not permitting the defendant to use the substance for an independent analysis." *Patterson,* p. 206. Accordingly, the trial court erred in denying the appellants' motion for an independent analysis.

2. Since the appellants' conviction was dependent upon identification of the substance they sought to have examined, the judgment of conviction must be reversed.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED MAY 24, 1977.

*Al Horn,* for appellants.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Joseph J. Drolet, Assistant District Attorneys,* for appellee.