## 54967. HENDERSON v. THE STATE.

QUILLIAN, Presiding Judge.
Defendant was charged with the offense of theft by receiving and forgery in the first degree. The count alleging theft was stricken by special demurrer. Defendant appeals his conviction of forgery. *Held:*
A Veterans Administration's check was intercepted before its delivery to the named recipient. An informer advised a United States postal inspector that the

defendant was involved. After his arrest, defendant voluntarily gave handwriting exemplars for comparison purposes. These exemplars were forwarded to Washington, D. C. for evaluation by the United States Secret Service Crime Laboratory.

At trial the district attorney attempted to use the exemplars in testimony of the questioned documents examiner. Defendant objected to their use and introduction in evidence based on the failure of the state to comply with Code § 38-709 which provides: "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial."

The state argued that the documents had been in Washington, D. C. until 11:30 a.m. on the date of the trial and the district attorney had not seen them until 1:30 p.m., the time the trial started. Furthermore, the state argued that the defendant knew they existed and had made a motion for appointment of an independent examiner at state expense because he was indigent. The defense motion had been denied. The state offered defendant "a brief recess" to peruse the exemplars as this was their "first opportunity."

Our Supreme Court held in *Chenault v. State,* 234 Ga. 216, 221 (215 SE2d 223), that "[t]here is no Georgia statute or rule of practice which allows discovery in criminal cases." In *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76), the court stated: "There is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client." In the instant case the defendant did make a Brady motion, and part of the motion was "a request for disclosure if the check or handwriting samples were submitted for expert examination and if any expert formed the opinion that the handwriting on the check was not the handwriting of the defendant." The answer of the assistant district attorney in the record is: "Your Honor, in counseling with Mr.

Beckman, neither of us are aware of any handwriting expert which, in fact, is unfavorable to the Defendant." We will treat this as an error in transcription, for the questioned document examiner had forwarded his opinion, that the defendant had made the questioned signature to the check, to the office of the district attorney on June 9, 1977, and the Brady motion hearing was on July 7, 1977.

Counsel for defendant stated for the record that he was in the courtroom prior to the call of the case for trial and at no time had the exemplars been offered to him.

Our Supreme Court was prophetic in *Patterson v. State,* 238 Ga. 204, 205 (232 SE2d 233), when they stated that "[t]he constitutional requirement that a criminal defendant be afforded a fair trial and an adequate opportunity to prepare his defense sometimes poses problems in Georgia because of the absence of any meaningful procedure for pre-trial discovery in criminal cases." In *Patterson* the defendant had requested an opportunity to have an independent examination of the evidence, which had been denied. The court said: ". . .we recognize the general right of a defendant charged with possession or sale of a prohibited substance to have an expert of his own choosing analyze it independently," but this was not "an absolute unqualified right to examine such evidence." Id. p. 206; see also *Partain v. State,* 238 Ga. 207, 208 (232 SE2d 46).

The general rule is that "[t]he granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court." *Patterson v. State,* 239 Ga. 409, 412 (238 SE2d 2). However, as in the first *Patterson* case, supra, we held in *Gilliland v. State,* 142 Ga. App. 374 (2) (235 SE2d 780): "Since the appellants' conviction was dependent upon identification of the substance they sought to have examined, the judgment of conviction must be reversed."

In the instant case the state's proof rested upon the fact that the indorsement on the check was forged, it had been cashed, and the solitary evidence connecting the defendant to the crime was the opinion of the handwriting expert that defendant made the questioned indorsement on the check. We need not reach a decision on the issue of

denial of appointment of an independent expert as we prefer to rest upon another enumeration of error, but this denial of independent examination of the sole evidence connecting the defendant to the offense adds weight to the reason for our opinion.

We reverse because of the failure of the state to comply with the mandatory provisions of Code § 38-709. "[T]he defendant is entitled to know if such evidence for the comparison of signatures will be offered, by having the writing submitted to him before he announces ready ..." *Mitchell v. State,* 89 Ga. App. 80, 86 (78 SE2d 563). "A party's failure to comply with the mandatory provisions of Code § 38-709 precludes the *use* of those writings, whether as tangible evidence or as a standard for expert testimony, for the purpose of comparing handwriting." *Smith v. State,* 138 Ga. App. 226, 230 (225 SE2d 744). Accord, *Marietta Fertilizer Co. v. Gary,* 22 Ga. App. 604 (6) (96 SE 711); *Thomas v. State,* 39 Ga. App. 659 (148 SE 277); *Beeland v. Clark,* 47 Ga. App. 77 (1) (169 SE 681); *Mitchell v. State,* 89 Ga. App. 86, supra.

Bearing upon our decision to reverse was the principal fact that the state failed to comply with the mandatory provisions of the Code. In addition, since the failure to comply by the state involved the only evidence connecting the defendant to the offense, and it was opinion evidence, it was crucial to his sole defense. Thirdly, a Brady motion for discovery was made and even though the state failed to perform its statutory duty, if the exemplars had been made available to the defendant at that time, even though no expert was available because of the indigency of the defendant, counsel could have used the exemplars in preparing his examination of the defendant and cross examination of the state's expert — in conjunction with any number of treatises in law libraries on questioned documents.

We cannot consider the error inviolating the statute to be harmless as it related to the sole defense available to the defendant. Neither does the offer of the state of "a brief recess" cure the error. The judge never adopted this as a possible course of action. In any event, this court has held that failure to comply with a statute requiring the defendant be provided a list of witnesses, when the list

was furnished "the day before the trial commenced, to be 'too late to be adequate. . . A specious and empty compliance with the formalities of law which results in the withholding of that which the spirit of the law seeks to grant cannot be countenanced. *Fishman v. State,* 128 Ga. App. 505, 511 (197 SE2d 467).' " *Parham v. State,* 135 Ga. App. 315, 317-318 (217 SE2d 493). "[A] brief recess" is insufficient time for counsel to procure treatises for use in examination of questioned writings or even examine and compare similarities and dissimilarities in known and questioned writings, or to prepare an effective cross examination of the government expert who had the writings shortly after May 12 until the date of trial — July 12.

This court has not countenanced substantial compliance with this statute unless the documents were presented to the other side "well in advance of the trial. . ." *Padula v. State,* 119 Ga. App. 562 (1) (167 SE2d 696); *Geiger v. State,* 129 Ga. App. 488, 497 (199 SE2d 861).

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED APRIL 6, 1978.

*Smith, Geer, Brimberry & Kaplan, Daniel MacDougald, III,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.