## 58284. HARRISON v. THE STATE.

SHULMAN, Judge.

Following a trial on an indictment charging appellant with six counts of forgery in the first degree, appellant was found guilty of forgery in the first degree on Count 1, and guilty of second degree forgery on Counts 3, 4, 5, and 6. We affirm.

1. Appellant attacks the verdict on the general grounds. This must fail.

The five checks forming the basis of appellant's convictions were presented for payment at the main office and at branches of the First National Bank of Gainesville.

An expert witness testified that, based on a comparison of the signatures on the checks with the appellant's handwriting exemplars, the checks and the comparative samples were written by the same person. This testimony, coupled with evidence that the defendant was not authorized to sign the checks, would authorize a rational fact finder to find appellant guilty beyond a reasonable doubt of second degree forgery as to Counts 3, 4, 5, and 6. See Code Ann. § 26-1702.

The additional testimony of a bank teller positively identifying appellant as the person who presented for payment the check representing Count 1 of the indictment authorized the jury to find appellant guilty of first degree forgery as to Count 1. See, e.g., *Reeves v. State,* 139 Ga. App. 214 (1) (228 SE2d 201); *Padula v. State,* 119 Ga. App. 562 (3) (167 SE2d 696). See also *Hitchcock v. State,* 146 Ga. App. 470, 471 (246 SE2d 477), noting that criminal intention is a question of fact for jury resolution.

2. The trial court charged the jury on the law concerning parties to a crime. Code Ann. § 26-801.

Appellant, submitting that the record is devoid of evidence that appellant aided or abetted another, complains that the charge erroneously authorized the jury to convict even if the jury decided appellant was not the forger. We disagree.

As given, the charge was a general statement of the law. If the charge was susceptible to misconstruction, it would have only authorized the unwarranted conclusion that conviction of first degree forgery was authorized as to all counts, regardless of whether appellant was identified as the person who cashed the forged instruments forming the subject of Counts 3, 4, 5, and 6. Because the jury did not find appellant guilty of first degree forgery as to these counts, no reversible error has been shown. *Craft v. State,* 124 Ga. App. 57 (4) (183 SE2d 371). See, e.g., *Coleman v. State,* 211 Ga. 704 (3) (88 SE2d 381).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED OCTOBER 16, 1979.

*George W. Brinson,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.