## 61751. PAINTER v. THE STATE.

SOGNIER, Judge.
Painter was convicted of first degree forgery. He appeals (1) on the general grounds; and on the grounds (2) that the verdict is inconsistent; (3) that the trial court erred by failing to grant a continuance prior to commencing trial; and (4) by admitting state's exhibits 2 and 6 into evidence.

1. In regard to the general grounds, the evidence is more than sufficient to sustain Painter's conviction. The weight of the evidence and credibility of witnesses are for the jury's determination. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). This court passes on the sufficiency of the evidence, not its weight, id., and we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant contends the verdict was inconsistent because the checks on indictments 8314 and 8317 were both alleged to have been given to one bank teller at the same place and time. He was acquitted on indictment 8314 and convicted on indictment 8317.

Appellant presented no argument in his brief and cited no authority to support his contention. However, in regard to the forgery alleged in indictment 8314, the only evidence connecting appellant with that offense was the testimony of the bank teller identifying appellant as the person presenting the checks to her. As to the check which was the subject of indictment 8317, the state presented additional expert testimony that a latent fingerprint on the check matched appellant's fingerprint, and also presented testimony of a handwriting expert that the writing on the check was made by appellant.

Code Ann. § 26-1701 (a) provides, in pertinent part: "A person commits forgery in the first degree when, with intent to defraud, he *knowingly* makes, alters or possesses any writing . . . in such manner that the writing as made or altered purports to have been made by another person, . . . or by authority of one who did not give such authority and utters or delivers such writing." (Emphasis supplied.)

The jury, as the trier of fact, could have found that the state did not present evidence sufficient to establish beyond reasonable doubt that appellant *knowingly* made or possessed the forged check which was the subject of indictment 8314, but did establish beyond reasonable doubt that he knowingly made the check referred to in indictment 8317. "The determinative factor in judging whether jury findings are inconsistent 'is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge.' [Cit.] There must be an 'irreconcilable conflict' in the verdicts to warrant reversal. *Jackson v. State,* 230 Ga. 640, 641 (198 SE2d 666) (1973)." *Stewart v. State,* 147 Ga. App. 547, 548 (2) (249 SE2d 351) (1978). We find no such conflict in the verdict and thus, the enumeration is without merit.

3. Appellant's allegation concerning denial of a motion for continuance is not supported by the record. We find nothing in the record or transcript concerning a motion for continuance, and appellant's brief makes no reference to the transcript. Hence, there is nothing for us to review. See *Gray v. State,* 156 Ga. App. 117, 118 (3) (274 SE2d 115) (1980).

4. Appellant contends it was error to admit into evidence, over objection, state's exhibit 6, exemplars of appellant's handwriting. The basis of the objection was that the documents were not given to appellant before he announced himself ready for trial, as required by Code Ann. § 38-709. That section provides: "Other writings, proved

or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when intended to be introduced, shall be submitted to the opposite party *before he announces himself ready for trial."* (Emphasis supplied.) The transcript shows clearly that the day preceding trial, the instant case was sounded and both the state and appellant announced ready for trial; the trial court verified that this occurred. Our courts have held consistently that documents not submitted to the adverse party prior to announcing ready for trial are not admissible, *Georgia Masonic Life Ins. Co. v. Gibson,* 52 Ga. 640 (4) (1874); *Walters v. Josey,* 137 Ga. 475 (2) (73 SE 653) (1912); *Mitchell v. State,* 89 Ga. App. 80, 86 (2) (78 SE2d 563) (1953); *Smith v. State,* 138 Ga. App. 226, 229 (4) (225 SE2d 744) (1976); *Henderson v. State,* 145 Ga. App. 597, 600 (244 SE2d 136) (1978); and the provisions of § 38-709 are mandatory. *Henderson,* supra, at 600; *Smith,* supra, at 230.

In the instant case the handwriting exemplars were shown to appellant's counsel a few minutes prior to trial. The prosecuting attorney stated he did not receive the exemplars until the morning of trial; however, the transcript shows that the exemplars and checks were submitted to the handwriting expert in November 1979 and trial did not commence until September 30, 1980. There is nothing to indicate that the documents were not available to the state or could not have been obtained prior to the date of trial. The state attempts to distinguish *Henderson,* supra, on the ground that the testimony on handwriting comparisons related to the sole defense available to the defendant in that case. However, in *Henderson* this Court went on to hold: " '(A) brief recess' is insufficient time for counsel to procure treatises for use in examination of questioned writings or even examine and compare similarities and dissimilarities in known and questioned writings, or to prepare an effective cross examination of the government expert who had the writings shortly after May 12 until the date of trial—July 12."

"This court has not countenanced substantial compliance with this statute [§ 38-709] unless the documents were presented to the other side 'well in advance of the trial . . .' *Padula v. State,* 119 Ga. App. 562 (1) (167 SE2d 696); *Geiger v. State,* 129 Ga. App. 488, 497 (199 SE2d 861)." *Henderson,* supra, at 601.

As the statute is mandatory, and the exhibit and testimony of the expert (who had the documents approximately ten months prior to trial) were crucial to the State's case, the error was not harmless; thus, it was reversible error to admit Exhibit 6 and to allow the use of the exhibit during the testimony of the state's handwriting expert.

5. It was not error, as appellant contends, to admit state's Exhibit 2, the check forming the basis of appellant's conviction. He

482

contends that because the check contained his name, placed there by an outside source, it gave additional weight to the check in the mind of the jury.

Testimony was presented by a witness from the State Crime Laboratory that he placed appellant's name and the date the exhibit was received at the Crime Laboratory on the exhibit; it was placed there as a means of identification only for the lab's use. Further, the court instructed the jury to disregard what was written on the exhibit, and that the writing could not be considered in determining the guilt or innocence of appellant. The court's instruction to disregard was sufficient to eliminate any possible harm which might have arisen, and no abuse of discretion has been shown. See *Smith v. State,* 148 Ga. App. 1, 2 (5) (251 SE2d 13) (1978); *Showker v. State,* 146 Ga. App. 862, 863 (1) (247 SE2d 515) (1978).

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 10, 1981.

*William M. Phillips,* for appellant.
*David L. Lomenick, Jr., District Attorney, William P. Slack, Assistant District Attorney,* for appellee.