## 63290. CANTRELL v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of forgery in the first degree. He appeals.

1. Forgery in the first degree is defined in Code Ann. § 26-1701 (a) as follows: "A person commits forgery in the first degree when, with intent to defraud, he knowingly makes, alters or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, or at another time, or with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." The indictment under which appellant was tried alleged he "did, with intent to defraud, knowingly forge the name of Eula M. Chandel . . . to a certain United States Treasury Check, said check being check number 10,935,464, dated February 1, 1980 in the amount of $209.70, made payable to Eula M. Chandel . . ., and did utter and deliver said forged instrument and writing to . . ., a teller for the Farmer's Bank, Douglas, Georgia."

It is readily seen that the indictment alleged that appellant had violated Code Ann. § 26-1701 (a) by forging the endorsement of, Eula M. Chandel, the check's payee and by then cashing the check over this forged endorsement. See *Henderson v. State,* 145 Ga. App. 597 (244 SE2d 136) (1978). At trial, the evidence demonstrated that when the check was presented for payment by the appellant it in fact contained two endorsements, the first being the purported signature of Eula Chandel, the named payee, and the second being the signature of one apparently fictitious Bobby Caldwell. Mrs. Chandel testified that she never received the check and the purported endorsement in her name was not her signature. The state's handwriting expert, after comparing exemplars of appellant's writing, was unable to identify the endorsement of Eula M. Chandel on the check as having been written by appellant or anyone else. Instead, the state's handwriting expert was able to testify only that the second endorsement, that of "Bobby Caldwell," had been written by appellant.

On this evidence, we find a fatal variance between the allegation of the indictment that appellant violated Code Ann. § 26-1701 (a) by forging the endorsement of Eula M. Chandel and the proof at trial which utterly failed to demonstrate that appellant had forged that endorsement. Compare *Harrison v. State,* 151 Ga. App. 758 (261 SE2d 482) (1979). " 'We recognize the rule that it is not necessary to prove allegations in an indictment which are immaterial or purely surplusage. But the question is, what are immaterial averments? . . .

"If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance" ' [Cits.] . . . 'As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance.' [Cits.]" *Walker v. State,* 146 Ga. App. 237, 241-242 (246 SE2d 206) (1978).

It is of no consequence that the state's evidence may have showed and may have authorized a finding that, in violation of Code Ann. § 26-1701 (a), appellant knowingly possessed the check containing the forged endorsement of Eula M. Chandel and further knowingly forged the endorsement of Bobby Caldwell. The indictment alleged that appellant had violated Code Ann. § 26-1701 (a) by forging the endorsement of Eula M. Chandel. " 'To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance under the standards enunciated in *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801) [1969]. [Cits.]' [Cit.]" *Walker v. State,* 146 Ga. App. at 246, supra. See also *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435) (1972); *Evans v. State,* 138 Ga. App. 620, 621 (1) (227 SE2d 448) (1976).

2. Reversal of appellant's conviction for the reason discussed in Division 1 of this opinion renders unnecessary consideration of the remaining enumerations of error.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 6, 1982.

*J. Laddie Boatright, Donald A. Starling,* for appellant.

*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.