## 38807. SMITH v. THE STATE.

HILL, Presiding Justice.

Willie J. Smith was tried by a jury, convicted of murder, and sentenced to life imprisonment. He did not file a timely appeal, but later he did file a petition for habeas corpus which was granted insofar as it sought the allowance of an out-of-time appeal. This is his out-of-time appeal. The facts of the case are set out in the defendant's brief as follows:

"Sometime between 9:00 p.m. and 10:30 p.m. on December 30, 1980, the defendant, Willie J. Smith and the victim, Sharon Thomas, met at a Club known as the Big Apple Tea Room in Cuthbert, Randolph County, Georgia. A fight ensued between said defendant and said victim. Bystanders broke up the fight. One person led the defendant out of the Club and proceeded to accompany him away from the establishment, while other individuals led the victim outside of the Club and were about to put the victim in a car to take her elsewhere. Shortly thereafter and before the victim was taken away from the Club the defendant returned with a pistol in his hand and ran after the victim. The defendant met up with the victim, and a single shot was fired from the pistol held by the defendant. The single shot which was fired from the pistol caused a medium caliber bullet to enter through the victim's skull and lodge in her brain—resulting in her death.

"The State produced six witnesses who gave eyewitness accounts of what they observed at the Big Apple Tea Room on the evening in question. None of these witnesses recalled that the victim hit the defendant during their initial fight, and four of the five

witnesses who observed the shooting, or some part of it, testified generally that the victim in an attempt to flee from the defendant fell under a barbecue grill and was shot by the defendant while lying on her side under said grill, while one eyewitness stated affirmatively under oath that the victim was standing when she was shot. None of the State's eyewitnesses testified as having seen a subsequent struggle between the defendant and the victim immediately before the fatal shot.

"The defendant testified under oath that the initial fight between him and the victim arose because the victim had hit him in the face with a wine bottle; that when he returned to the Club and ran after the victim he became involved in a second struggle with her during which she tripped over the barbecue pit causing him to fall; and that during his fall, through no intention of his own, the pistol accidentally discharged."

To defendant's statement of facts we need add only the following: The defendant told the person who led him away from the Club following the first encounter that he was going to get his gun; several of the eyewitnesses testified that the defendant placed the gun to or near the victim's head and fired as she lay helpless on the ground; two of them testified that just before firing he said, "I'll kill you, bitch"; and two heard the victim beg the defendant not to shoot her.

1. Defendant enumerates as error that the evidence is insufficient to support the verdict. We disagree. The evidence was sufficient to enable a rational jury to find the defendant guilty of malice murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cooper v. State,* 249 Ga. 58 (287 SE2d 212) (1982). The fact that the testimony of the state's eyewitnesses varied does not require acceptance of the defendant's testimony.

2. The defendant next enumerates as error the trial court's failure to charge on involuntary manslaughter, Code Ann. § 26-1103 (a), upon timely request.[1] Code Ann. § 26-1103 (a) provides: "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." The defendant points out that based on his testimony there was evidence which would have authorized the jury to find that the shooting was accidental and therefore unintentional, and that he was guilty of pointing a pistol at another (Code Ann. §

---

[1] The jury was charged as to voluntary manslaughter, Code § 26-1102.

26-2908), or reckless conduct (Code Ann. § 26-2910), both misdemeanors, not felonies. Thus he asserts that he was entitled to the charge on involuntary manslaughter.

However, the evidence was undisputed that the defendant ran toward the victim with his gun in hand and that the victim attempted to flee. Thus the undisputed evidence showed that the defendant was engaged in an assault upon the victim with a deadly weapon, a felony. Code Ann. § 26-1302. The trial court did not err in refusing to give the requested charge.

3. Defendant contends the trial court erred in failing to instruct the jury to disregard an outburst made by the victim's mother. The transcript shows that the victim's mother was mumbling, that defense counsel stated to the court that such conduct was not called for, that the court warned the mother that she would have to be quiet, that she began to cry, and that defense counsel made no motion for mistrial or request that the jury be instructed to disregard her conduct. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*James E. Friese,* for appellant.

*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General,* for appellee.