## 64556. CARTER v. THE STATE.

BIRDSONG, Judge.

Dewey Carter, Jr. was found guilty of forgery in the first degree upon a bench trial. On appeal his sole enumeration of error is the allowance into evidence of exemplars to be used for handwriting comparison which the state had not submitted to the defense for examination prior to trial as required by Code § 38-709.

The record reveals that the state presented certain exhibits which bore the appellant's signature. Exhibit 1 was the forged check made out to appellant which he had attempted to cash. Exhibit 2 was his driver's license. Exhibit 3 was a waiver of rights form signed "Dewey Carter, Jr." Exhibit 4 was a signed robbery report filed by appellant on the day the alleged forgery took place. Exhibit 5 was appellant's signed statement to police after his arrest. Exhibits 6A, B, and C were samples of Carter's handwriting made by him at the request of both defense counsel and the state five days prior to trial. Although appellant was at first unwilling to give these samples, after his attorney explained to him that they would be used to help prove his innocence he agreed, provided there was no time limit in doing the writing.

Counsel for appellant objected to the introduction of state's exhibits 2, 3, 4, and 6A, B, and C. The objection was sustained as to exhibits 2, 3, and 4 for the purpose of handwriting comparison, but exhibits 6A, B and C were admitted because the trial court found that they were made in the presence of defense counsel and that defense counsel knew they would be used for comparison. Subsequently, after appellant testified on direct examination that he did not sign the waiver form (state's exhibit 3), the state offered evidence in rebuttal. A police officer testified that he saw appellant sign the form and the trial court allowed the state's handwriting expert to testify that he had compared the exhibits during a recess and the same person signed the waiver, the statement and the check. The trial judge stated that he was not admitting this testimony (exhibits 2, 3 and 4) for the purpose of handwriting comparison, but only for the purpose of impeachment on rebuttal.

Under the facts established at trial, the admission of the evidence objected to, if error, was harmless. The bank teller identified appellant as the person who attempted to cash the forged check, and her testimony that the endorsement on the check matched the signature on appellant's driver's license, which he acknowledged was his, was not challenged. There was also evidence that appellant's fingerprint was on this check, evidence of his flight and of inconsistencies in his testimony. This was sufficient evidence for

conviction without consideration of the handwriting comparisons. See *Neal v. State,* 160 Ga. App. 834 (1) (288 SE2d 241); *Williams v. State,* 143 Ga. App. 177 (237 SE2d 677).

Furthermore, we agree with the trial judge that there was substantial compliance with the pretrial examination requirements of Code Ann. § 38-707 as to the three handwriting samples (exhibits 6A, B, and C) made by appellant in the presence of, and encouraged by, his defense attorney because the attorney knew of the existence of these documents well in advance of trial, that they were available for examination and he failed to take advantage of the opportunity. *Padula v. State,* 119 Ga. App. 562 (1) (167 SE2d 696). See also *Geiger v. State,* 129 Ga. App. 488 (5) (199 SE2d 861). Compare *Painter v. State,* 159 Ga. App. 479 (4) (283 SE2d 695); *Henderson v. State,* 145 Ga. App. 597, 600 (244 SE2d 136). Obviously counsel also knew that they were in fact made by appellant. Thus these exemplars as well as the signatures not objected to were properly before the trial court as trier of fact. In any event, the trial judge affirmatively stated that he would not consider the comparison testimony of the handwriting expert. Moreover, "when the trial judge sits as trier of fact, it is presumed that he considers only legal evidence." *Change v. State,* 156 Ga. App. 316, 318 (2) (274 SE2d 711); *McShan v. State,* 150 Ga. App. 232 (2) (257 SE2d 202).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 28, 1982.

*J. Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Chris Jensen, Assistant District Attorneys,* for appellee.