67707. PRATER v. THE STATE.

POPE, Judge.

Rufus Eugene Prater, Jr. brings this appeal from his conviction of voluntary manslaughter. *Held*:

1. Appellant's first enumeration cites as error the trial court's admitting testimony in regard to the results of a scientific test performed by the state crime lab on the pistol used to kill the victim. On December 2, 1982 appellant had requested discovery of any such test results pursuant to OCGA § 17-7-211. The test was requested by the prosecution on or about December 10, 1982; was conducted on December 13; and the results thereof were reported to the prosecution on the morning of December 14. The prosecution in turn notified appellant of the test results in writing two or three hours thereafter. Trial began that afternoon. There being no evidence of bad faith on the part of the prosecution vis-a-vis the test on the pistol, the trial court did not err under the circumstances in this case in admitting evidence of the test results. See *Billings v. State*, 161 Ga. App. 500 (3) (288 SE2d 622) (1982).

2. Appellant's second enumeration assigns error to the trial

court's denial of his motion to have an expert of his choice inspect, examine and test the subject pistol. This motion was filed on the morning of trial, apparently in response to appellant's receipt of the results of the test conducted by the state crime lab. The test was conducted to determine if the pistol could accidentally fire; the test results were that it "could not be fired in any way other than pulling the trigger."

"A criminal defendant on trial for his liberty is entitled *on motion timely made* to have an expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." (Emphasis supplied.) *Sabel v. State*, 248 Ga. 10, 17-8 (282 SE2d 61), cert. den., Sabel v. Georgia, 454 U. S. 973 (1981). Appellant argues that no need existed for an independent examination of the pistol until the prosecution had it examined. This argument, however, provides no excuse for the untimeliness of appellant's motion where the record here discloses ample time before trial for such testing if appellant had wished to pursue the matter. Appellant's defense at trial was essentially that the pistol had fired accidentally. It is thus not unreasonable to assume that if testing the pistol were indeed an integral part of his defense, such testing would have been requested well in advance of trial. Pretermitting the question of whether the pistol in this case was "critical evidence whose nature is subject to varying expert opinion," we find that the facts in this case show no error in the trial court's denial of appellant's motion as untimely. See *Patterson v. State*, 238 Ga. 204 (232 SE2d 233), cert. den., Patterson v. Georgia, 431 U. S. 970, rehg. den., 434 U. S. 882 (1977); *Brooks v. State*, 141 Ga. App. 725 (5) (234 SE2d 541) (1977). Compare *Gilliland v. State*, 142 Ga. App. 374 (235 SE2d 780) (1977).

3. Appellant's third enumeration of error challenges the trial court's refusal to give the following request to charge: "Ladies and Gentlemen of the Jury, I charge you that pointing a gun at another is not a felony." We find no error for several reasons. First, this request to charge is an incomplete statement of OCGA § 16-11-102 which makes it a misdemeanor to "intentionally and without legal justification" aim or point a gun or pistol at another. "A request for charge to the jury is properly refused when it embraces only a part of the law applicable to the point involved." *Dillon v. Sills*, 54 Ga. App. 299 (4) (187 SE 725) (1936); see *Mahomet v. State*, 151 Ga. App. 462 (3) (260 SE2d 363) (1979), cert. den. sub nom. Cuevas v. Georgia, 445 U. S. 943 (1980). Moreover, pointing a pistol at another may, in some circumstances, be a felony, that of aggravated assault. See, e.g., *Riddle v. State*, 145 Ga. App. 328 (2) (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981). Furthermore, the evidence presented at trial established either (a) appellant

was simply handling the pistol, a lawful act, when the pistol accidentally fired, or (b) appellant pointed the pistol at the victim, turned his head away, and fired. The first set of facts do not support the requested charge, there being no indication that appellant "pointed" the pistol at the victim. The second set of facts establish aggravated assault, a felony. See *Richardson v. State*, 250 Ga. 506 (3) (299 SE2d 715) (1983). Thus, there was no evidence of record to support this request to charge. See also *Smith v. State*, 249 Ga. 801 (2) (294 SE2d 525) (1982); *Jones v. State*, 138 Ga. App. 828 (227 SE2d 519) (1976). "We are satisfied based upon the record and transcript before us that the request to charge did not meet the test that a requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. [Cit.]" *Mahomet v. State*, supra at 466.

4. Appellant's final enumeration of error is controlled adversely to him by *Lofton v. State*, 237 Ga. 275 (227 SE2d 327) (1976). See *Thompson v. State*, 154 Ga. App. 704 (4) (269 SE2d 474) (1980); *Richards v. State*, 152 Ga. App. 201 (4) (262 SE2d 469) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 30, 1984.

*W. O'Neal Dettmering, Jr.,* for appellant.
*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney,* for appellee.